A. Michael Barker, Esquire
Barker, Gelfand & James
A Professional Corporation
Linwood Greene – Suite 12
210 New Road
Linwood, New Jersey 08221
(609) 601-8677
AMBarker@BarkerLawFirm.net
Our File Number: 46640-35
Attorney for Defendants, Deptford Township, Chief of Police Daniel
Murphy, Michael DiVito, and John Storms jointly, severally and in the
alternative.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY - CAMDEN

TAHARQU DEAN,

               Plaintiff,

v.

DEPTFORD TOWNSHIP d/b/a Deptford
Township Police Department;

DANIEL MURPHY, individually and in his
official capacity as Chief of the Deptford
Township Police Department;

GLOUCESTER COUNTY d/b/a Deptford
Township Police Department;

GLOUCESTER COUNTY DEPARTMENT OF
CORRECTIONAL SERVICES;

EUGENE CALDWELL, II, individually and in
his official capacity as Warden of the
Gloucester County Department of
Correctional Services;

BRANDON COHEN, individually and in his
official capacity as Police Officer for the
Deptford Township Police Department;

Civil Action
Number 13-cv-05197 (RMB/KMW)

**ANSWER TO PLAINTIFF'S COMPLAINT with**

- SEPARATE AND AFFIRMATIVE DEFENSES PLED JOINTLY, SEVERALLY AND IN THE ALTERNATIVE,
- RESERVATION OF RIGHTS,
- COUNTERCLAIM,
- CROSS-CLAIM FOR CONTRIBUTION
- DEMAND FOR SPECIFICITY OF DAMAGES CLAIMED
- NOTICE OF DESIGNATION OF TRIAL COUNSEL
- JURY DEMAND
- LOCAL RULE 11.2 CERTIFICATION.

MICHAEL DIVITO, individually and in his
official capacity as Police Officer for the
Deptford Township Police Department;

JOHN STORMS, individually and in his
official capacity as Sergeant for the Deptford
Township Police Department; and,

JESSE YAMADA, individually and in his
official capacity as Sergeant for the
Gloucester County Department of
Correctional Services,

      Defendants.

NOW COME the Defendants Deptford Township, Police Chief Daniel
Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms,
jointly severally and in the alternative and by way of Answer to the
Complaint of the Plaintiff state the following:

## I.  Introduction

  Denied.

## II.  Jurisdiction and Venue

1.  The allegations of this paragraph set forth legal averments and
therefore no answer is required; however, with no admission as to

Page 2
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

liability, fault, or blame, the answering Defendants admit this Court presently has jurisdiction.

2.     The allegations of this paragraph set forth legal averments and therefore no answer is required; however, with no admission as to liability, fault, or blame, the answering Defendants admit this Court presently has proper venue.

### III.   Parties

3.     The answering Defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enter a formal denial and put the Plaintiff to proof.

4.     Admitted that Deptford Township is a municipality in Gloucester county and otherwise denied.

5.     The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

6.     Denied as to acting individually and otherwise admitted.

7.     The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

8.     Denied.

9.     Admitted.

10.   Admitted.

Page 3
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

11.   The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

12.   The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

**IV.    Statement of Claims**

13.   The answering Defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enter a formal denial and put the Plaintiff to proof.

14.   The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

15.   As to the allegations against Defendant Cohen, the allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.   Admitted that Officer DeVito and Sergeant Storms attempted to get Plaintiff to sit on the ground while waiting for a patrol vehicle with a prisoner cage to arrive.

16.   Admitted that Plaintiff was uncooperative and otherwise denied.

17.   Admitted that Plaintiff was uncooperative and otherwise denied.

18.   Admitted, with no waiver of prior denials to foregoing paragraphs of the complaint.

19.   Denied.

Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

20.   Admitted.

21.   Admitted.

22.   Admitted.

23.   Admitted.

24.   Admitted that Deptford Special Law Enforcement Officer Principato reported that Plaintiff admitted that he faked a seizure while in custody at police headquarters and otherwise denied.

25.   The answering Defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enter a formal denial and put the Plaintiff to proof.

26.   The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

27.   The answering Defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enter a formal denial and put the Plaintiff to proof.

28.   The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

29.   The answering Defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enter a formal denial and put the Plaintiff to proof.

Page 5
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

30.   The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

31.   The answering Defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enter a formal denial and put the Plaintiff to proof.

32.   The allegations of this paragraph are not directed toward the answering Defendants and therefore no answer is required.

33.   The answering Defendants presently have insufficient information upon which to admit or deny the allegations of this paragraph and therefore enter a formal denial and put the Plaintiff to proof.

34.   Admitted.

35.   Denied as to the answering Defendants.

36.   Denied.

**V.    Causes of Action**

### Count I – Excessive Force

37.   The answers to each of the foregoing paragraphs of the Complaint are repeated and incorporated herein as if set forth in full.

38.   Denied as to the answering Defendants.

39.   Denied as to the answering Defendants.

40.   Denied as to the answering Defendants.

Page 6
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

WHEREFORE, the answering Defendants jointly, severally, and in the alternative demand judgment dismissing the Complaint and for such further relief as the Court deems to be just and equitable.

### Count II – Monell

41.   The answer to each of the foregoing paragraphs of the Complaint are repeated and incorporated herein as if set forth in full.

42.   Denied as to the answering Defendants.

43.   Denied as to the answering Defendants.

44.   Denied as to the answering Defendants.

WHEREFORE, the answering Defendants jointly, severally, and in the alternative demand judgment dismissing the Complaint and for such further relief as the Court deems to be just and equitable.

### Count III – N.J.S.A. 19:6-2 – New Jersey Civil Rights Act

45.   The answer to each of the foregoing paragraphs of the Complaint are repeated and incorporated herein as if set forth in full.

46.   Denied as to the answering Defendants.

47.   Denied as to the answering Defendants.

WHEREFORE, the answering Defendants, jointly, severally, and in the alternative demand judgment dismissing the Complaint and for such further relief as the Court deems to be just and equitable.

Page 7
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

## SEPARATE AND AFFMIRMATIVE DEFENSES
## PLED JOINTLY, SEVERALLY AND IN THE ALTERNATIVE
## ON BEHALF OF THE ANSWERING DEFENDANTS

1.     Any injuries or damages sustained by the Plaintiff are the result of the act and/or acts of independent, intervening agencies over which the answering Defendants had no power or control.

2.     The answering Defendants did not breach any duty which may be owed, or which may have been owed, to Plaintiff in this action.

3.     The Plaintiff's Complaint fails to set forth a cause of action; and, the answering Defendants reserve the right to move to dismiss the Plaintiff's Complaint on that ground.

4.     This action is barred by reason of the Statutory Immunity of the answering Defendants; and, the answering Defendants reserve the right to move to dismiss the Plaintiff's Complaint on that ground.

5.     The Plaintiff's Complaint is barred by the provisions of the New Jersey Tort Claims Act.  [NJSA 59:1-1, *et. seq.*]

6.     The answering Defendants are immune from liability pursuant to the provisions of NJSA 59:2-1, *et. seq.*

7.     The answering Defendants assert the applicability of the provisions of NJSA 59:2-1, and NJSA 59:2-2, as to the immunities available to the public entity and/or public employee.

Page 8
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

8.    The answering Defendants are not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of NJSA 59:2-2(b).

9.    The answering Defendants are immune from liability pursuant to the provision of NJSA 59:3-1, *et. seq.*

10.   The answering Defendants assert the applicability of the provisions of  NJSA 59:2-3 through NJSA 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

11.   The answering Defendants assert the applicability of the provision of NJSA 59:8-3 through NJSA 59:8-7 regarding failure to provide adequate and timely notice of claim.

12.   The answering Defendants assert the applicability of the provision of NJSA 59:8-8 through NJSA 59:8-11 regarding failure to timely file a notice of claim and/or failure to file a notice of claim as set forth therein.

13.   Any recovery to which the Plaintiff might otherwise be entitled is subject to reduction in accordance with the judgments, damages and interest provided in NJSA 59:9-2.

14.   The answering Defendants assert the applicability of NJSA 59:9-3 and NJSA 59:9-4 regarding joint tortfeasors and the comparative negligence of the Plaintiff.

Page 9
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

15.   The answering Defendants, by pressing the aforementioned defenses, do not intend to limit their defenses and/or rights under the Act, and hereby affirmatively plead the procedural and substantive provisions of the New Jersey Tort Claims Act [NJSA 59:1-1, *et. seq.*] which provisions are applicable and have not been previously cited in this Answer.

16.   The claims of the Plaintiff are barred or limited by reason of the New Jersey Joint and Several Liability Act [NJSA 2A:15-1, *et. seq.*] and/or the New Jersey Comparative Negligence Act [NJSA 2A:53A-1, *et. seq.*].

17.   The claims of the Plaintiff are barred or limited by reason of the New Jersey Collateral Source Rule [NJSA 2A:15-97] or as provided by the New Jersey Tort Claim Act.

18.   The answering Defendants did not act with malice but did act in good faith; therefore, the Plaintiff is not entitled to damages.

19.   The answering Defendants assert that the actions taken by them were subject to immunity or partial immunity or authorized by law.

20.   The answering Defendants assert that the actions taken by them were subject to *qualified immunity*.

Page 10
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

21.    The answering Defendants assert that the Plaintiff has failed to plead any constitutional violations with such specificity as to state a cognizable claim under 42 USC §1983.

22.    As to Deptford Township, the answering Defendants assert that the Plaintiff is unable to establish improper supervision by inaction in the face of persistent, widespread practices so common and well settled as to be imputable to the answering Defendants, constituting a blatant and routine disregard or a deliberate indifference to the rights of Plaintiff.

23.    As to Deptford Township, the answering Defendants assert that appropriate training and disciplinary procedures were in place and utilized as necessary to assure protection of the rights of citizens involved.

24.    As to Deptford Township, the answering Defendants assert that the Plaintiff is unable to show any municipal policy or procedure of Deptford township which was so inadequate as to amount to a deliberate indifference to Plaintiff's constitutional rights.

25.    As to Deptford Township, the answering Defendants assert that the Plaintiff is unable to establish a policy and/or custom of Deptford Township which deprived citizens of constitutional rights actionable under 42 USC §1983.

Page 11
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

26.    Any damage alleged to have been suffered by the Plaintiff is not causally related to any act or omission alleged to be chargeable to the answering Defendants.

27.    The answering Defendants reserve the right to amend this Answer to assert additional affirmative defenses as revealed or suggested by the completion of on-going investigation and discovery.

### RESERVATION OF RIGHTS

The Defendants, Deptford Township, Police Chief Daniel Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms, jointly severally and in the alternative reserve the right, at or before trial, to move to dismiss the Plaintiff's Complaint and/or move for summary judgment, on the grounds that the Complaint fails to state a claim upon which relief can be granted and/or that the Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

### LOCAL RULE 11.2 CERTIFICATION

A. Michael Barker, Esquire, of the Law Offices of Barker, Gelfand & James, hereby certifies that the within matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration or administrative proceeding; and, to the best of counsel's knowledge, there is no other party who should be joined in this action,

Page 12
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

except as may be revealed through discovery.

## COUNTERCLAIM FOR ATTORNEYS' FEES

1.    The allegations contained in the Plaintiff's Complaint are frivolous, groundless, and without merit as to the answering Defendants Deptford Township, Police Chief Daniel Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms, jointly severally and in the alternative.

2.    42 USC §1988 provides for the allowance of reasonable attorneys' fees to the prevailing party in an action or proceeding arising out of an alleged violation of §§1981, 1982, 1983, 1985, and 1986 of Title 42 of the United States Code.

WHEREFORE, the Defendants Deptford Township, Police Chief Daniel Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms, jointly severally and in the alternative demand judgment dismissing the Plaintiff's Complaint, and for such further relief as the Court deems to be just and equitable, including an award of counsel fees.

Page 13
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

## CROSSCLAIM FOR
## CONTRIBUTION AND/OR SETTLEMENT CREDIT

While denying any liability to the Plaintiff, the answering Defendants, Deptford Township, Police Chief Daniel Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms, Jointly, Severally, or in the Alternative, nevertheless assert a claim for contribution from co-defendants pursuant to NJSA 2A:15-5.3 and NJSA 2A:53A and also under the provisions of New Jersey Tort Claims Act, as recited above in separate defenses; and, the answering Defendants contend that, in the event proofs develops in discovery or at trial to establish a basis for liability on the part of any co=defendant, and such other defendant or defendants enter into a settlement agreement or settlement agreements, in whole and/or in part with the Plaintiff, then the Answering Defendants, Deptford Township, Police Chief Daniel Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms, Jointly, Severally, or in the Alternative, assert a claim for credit reducing the amount of any judgment in favor of the Plaintiff against the answering Defendants to reflect the degree of fault to the settling defendant or defendants pursuant to Young v. Latta, 123 N.J. 584 (1991).

Page 14
Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221

## DEMAND FOR SPECIFICITY OF DAMAGES

Defendants Deptford Township, Police Chief Daniel Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms, jointly severally and in the alternative demand that the Plaintiff furnish a written statement specifying the amount of damage claimed in the above-entitled action.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

On behalf of the Defendants Deptford Township, Police Chief Daniel Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms, jointly severally and in the alternative, A. Michael Barker, Esquire of the Law Offices of Barker, Gelfand & James, is hereby designated as trial counsel.

## JURY DEMAND

The Defendants Deptford Township, Police Chief Daniel Murphy (Retired), Officer Michael DeVito, and Sergeant John Storms, jointly severally and in the alternative, demand a trial by jury.

BARKER, GELFAND & JAMES
a Professional Corporation

Dated: October 17, 2013      By: _A. Michael Barker_
                                  A. Michael Barker, Esquire

Answer, Separate and Affirmative Defenses, Reservation of Rights, Local Rule 11.2
Certification, Counterclaim for Attorneys' Fees, Cross-Claim for Contribution, Demand for
Specificity of Damages,
Notice of Designation of Trial Counsel and Jury Demand
BARKER, GELFAND & JAMES · A PROFESSIONAL CORPORATION · LINWOOD, NEW JERSEY
08221