Law Offices
# CHANCE & McCANN
*Limited Liability Company*
Email: chancemccann@chancemccann.com
www.chancemccann.com

| | |
|---|---|
| 201 WEST COMMERCE STREET | 84 E. GRANT STREET, SUITE 2 |
| P.O. BOX 278 | P.O. BOX 10 |
| BRIDGETON, NEW JERSEY 08302 | WOODSTOWN, NEW JERSEY 08098 |
| (856) 451-9100 | (856) 769-9001 |
| Fax: (856) 455-5227 | Fax: (856) 769-9007 |

**KEVIN P. McCANN**
CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY
CERTIFIED BY THE NATIONAL BOARD OF TRIAL ADVOCACY AS A CIVIL TRIAL ADVOCATE
MEMBER OF THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF TEXAS
L.L.M. TAXATION
R.1:40 QUALIFIED MEDIATOR

SHANNA McCANN *
DEANA L. WALSH
BETH WHITE
MATTHEW WENG

* ALSO A MEMBER OF THE PA BAR
†ALSO A MEMBER OF THE NY BAR

Reply to Bridgeton

April 11, 2014

Honorable Renee Marie Bumb
United States District Court/Camden
Mitchell H. Cohen United States Court House
1 John F. Gerry Plaza
P.O. Box 886
Camden, NJ 08101

Re:   Dean v. Deptford Township d/b/a Deptford Township Police Department, et al
      Civil Action No. 1:13-cv-15197-RMB-KMW

Your Honor:

Please accept this letter memorandum of law in lieu of a more formal submission in opposition to plaintiff's motion seeking leave to amend the complaint. For the reasons outlined below, this motion should be denied.

Federal Rules of Civil Procedure 15(a)(2) states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Defendant does not consent to any amendment.

The decision of whether or not to grant leave to amend is in the court's sound discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, (1970). Although the rule states that leave should be freely given, the court may deny leave to amend when there is (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. Foman v. Davis, 371 U.S. 178, 182, (1962).

A proposed amendment to a complaint will fail due to futility for much the same reasons as a complaint would be dismissed under Rule 12(b)(6); that is, a motion for leave to amend will be denied where the amended complaint fails to state a claim upon which relief may be granted. Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 189 (3d Cir 2000).

Honorable Renee Marie Bumb                                    April 11, 2013
Dean v. Township of Deptford, et al
Page Two

A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court may ignore any legal conclusions in a complaint. Ashcroft, 566 U.S. at 677-678.

In the original complaint, plaintiff's entire factual allegations against defendant Cohen consist of three sentences, contained in paragraphs 14 and 15 of the complaint, namely:

> 14.  Defendant, Police Officer Brandon Cohen, observed Plaintiff looking into a white Nissan Murano sitting in the parking lot. Cohen accused Plaintiff of attempting to gain access via the passenger's side door.

> 15.  Cohen, advised Plaintiff that he was under arrest. By this time, Co-Defendants, Police Officer Michael DiVito and Sergeant John Storms arrived and attempted to make Plaintiff sit on the ground while waiting for a patrol vehicle with a prisoner cage to arrive.

In the proposed amended complaint, plaintiff's entire factual allegations against defendant Cohen consist of five sentences, contained in paragraphs 26 and 27 of the proposed amended complaint, namely:

> 26.  According to Defendant, Police Officer Michael DiVito's Reporting Officer Narrative, Co-Defendant, Police Officer Brandon Cohen, observed Plaintiff looking into a white Nissan Murano sitting in the parking lot. Cohen accused plaintiff of attempting to gain access via the passenger's side door. (Exh. A). Cohen failed to recognize that Plaintiff was undergoing a medical emergency. There was no basis whatsoever for Cohen's belief that Plaintiff was attempting to break into a car.

> 27.  Cohen advised Plaintiff that he was under arrest and likewise, upon information and belief, placed Plaintiff under arrest-without probable or any cause.

Paragraph 27 continues with allegations against other defendants. There are no additional factual allegations against defendant Cohen in the proposed amended complaint.

In addition, plaintiff seeks to add a number of additional counts, namely, malicious prosecution, selective enforcement, false arrest, assault, and false imprisonment.

Although plaintiff seeks to add additional verbiage in his proposed amended complaint, he does not add any additional factual allegations. The factual allegations in the original complaint can fairly be summarized thus: 1. Cohen observed plaintiff looking into an automobile in the parking lot, (admitted) 2. Cohen accused plaintiff of attempting to gain access to the inside of that vehicle, (admitted) and 3. Cohen placed defendant under arrest (denied).

Honorable Renee Marie Bumb  April 11, 2013
Dean v. Township of Deptford, et al
Page Three

These are the same exact factual allegations in the proposed amended complaint. In neither version of the complaint does plaintiff allege any abuse, physical altercation, or injury that resulted from the fleeting interaction between him and Cohen. These scant factual allegations are no more than what was originally pled by plaintiff.

Additionally, it is clear that the proposed additional counts would not survive a motion to dismiss against defendant Cohen.

IV.   Malicious Prosecution

The elements of malicious prosecution are: (1) a criminal action was instituted by defendant against plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff. State v. Saavedra 433 N.J. Super. 501, 527-528 (App. Div. 2013). In this case plaintiff has introduced no evidence as to any malicious motivation on the part of Cohen. Plaintiff does not allege that he and Cohen had any prior interactions or that Cohen was motivated by any negative animus. Plaintiff merely alleges that he suffered seizures and that defendant mistook those seizures for an attempt to break into an automobile. By completely failing to satisfy this element, the malicious prosecution count against Cohen would clearly not survive a motion to dismiss. In addition, plaintiff's allegation of a lack of probable cause is an unsupported legal conclusion this court is free to ignore.

V.   Selective Enforcement

Generally, police and prosecutors are given great deference in the course of their duties, and litigants must show clear evidence of selective enforcement to overcome this deference. State v. Ballard, 331 N.J.Super. 529, 539 (App. Div. 2000) citing United States v. Armstrong, 517 U.S. 456, (1996).

Plaintiff not only fails to produce clear evidence that defendant Cohen engaged in selective enforcement, he provides no evidence at all. Once again, there are no factual allegations whatsoever that Cohen treated plaintiff any differently than any other individual acting suspiciously in a parking lot. Clearly this count would not survive a motion to dismiss.

VI.   False Arrest

"Where the basis for a plaintiff's claim is false arrest or imprisonment, the existence of probable cause will be an absolute defense." Bayer v. Township of Union, 414 N.J.Super. 238, 262 (App. Div. 2010). Only those officers who are plainly incompetent or who knowingly violate the law will be found liable for false arrest. Connor v. Powell, 162 N.J. 397, 409 (2000).

Plaintiff provides no factual allegations to buttress their claim of a lack of probable cause. Paragraph 26 of the proposed amendment complaint indicates that plaintiff was present in the parking lot and was looking into vehicles. Indeed, their claim of a lack of probable cause is a legal conclusion that has no factual support and should be ignored by this Court.

Honorable Renee Marie Bumb  
Dean v. Township of Deptford, et al  
Page Four

April 11, 2013

Defendant Cohen denies ever placing plaintiff under arrest. However, assuming *arguendo* that plaintiff was placed under arrest, it is clear from the circumstances alleged by plaintiff that probable cause existed. Cohen used his knowledge and experience to analyze the situation and came to the conclusion that plaintiff may have been attempting to break into vehicles in the parking lot. He temporarily detained him until the Deptford Police arrived and placed him under arrest. There are no facts alleged that would support a claim of false arrest, merely speculation. As such, this count would not survive a motion to dismiss.

VII. Assault

A person is subject to liability for the common law tort of assault if: "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." Wigginton v. Servidio, 324 N.J.Super. 114, 129 (App.Div.1999).

Plaintiff makes no factual allegations about any harmful or offensive contact or any apprehension of harmful or offensive contact. The first allegations of contact occur after Cohen had left and the Deptford Police arrived. The scant factual allegations will not survive a motion to dismiss against defendant Cohen.

VIII. False Imprisonment

As stated more fully in defendant's response to Count VI, the false imprisonment count would also not survive a motion to dismiss.

The paltry factual allegations against defendant Cohen are simply not sufficient to sustain any of the additional counts of the complaint. These counts would clearly not survive a motion to dismiss for failure to state a claim because, ignoring plaintiff's unsupported legal conclusions, he does provide sufficient factual matter to sustain his proposed amended claims.

For the reasons stated above, plaintiff's motion seeking leave to amend the complaint should be denied.

Thank you for your consideration.

Respectfully submitted,

CHANCE & McCANN, LLC

MATTHEW WENG

MW/cr  
cc: Matthew B. Weisberg, Esquire (Via E-Mail & Regular Mail)  
Matt Lyons, Esquire (Via E-mail)  
Sandi Gray (Via E-mail)