PATRICK J. MADDEN, ESQUIRE
MADDEN & MADDEN, P.A.
108 KINGS HIGHWAY EAST - SUITE 200
POST OFFICE BOX 210
HADDONFIELD, NEW JERSEY  08033
TEL:  (856) 428-9520
Attorney for Defendants GLOUCESTER COUNTY; GLOUCESTER COUNTY
DEPARTMENT OF CORRECTIONAL SERVICES; EUGENE CALDWELL, II, individually
and in his official capacity as WARDEN OF THE GLOUCESTER COUNTY DEPARTMENT
OF CORRECTIONAL SERVICES; and JESSE YAMADA, individually and in his official
capacity as SERGEANT FOR GLOUCESTER COUNTY DEPARTMENT OF
CORRECTIONAL SERVICES

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAHARQU DEAN<br><br>    Plaintiff(s),<br><br>    v.<br><br>DEPTFORD TOWNSHIP d/b/a DEPTFORD TOWNSHIP POLICE DEPARTMENT; DANIEL MURPHY, individually and in his official capacity as CHIEF OF THE DEPTFORD TOWNSHIP POLICE DEPARTMENT; GLOUCESTER COUNTY d/b/a DEPTFORD TOWNSHIP POLICE DEPARTMENT; GLOUCESTER COUNTY DEPARTMENT OF CORRECTIONAL SERVICES; EUGENE CALDWELL, II, individually and in his official capacity as WARDEN OF THE GLOUCESTER COUNTY DEPARTMENT OF CORRECTIONAL SERVICES; BRANDON COHEN, individually and in his official capacity as POLICE OFFICER FOR THE DEPTFORD TOWNSHIP POLICE DEPARTMENT; MICHAEL DIVITO, individually and in his official capacity as POLICE OFFICER FOR DEPTFORD TOWNSHIP POLICE DEPARTMENT; JOHN STORMS, individually and in his official capacity as SERGEANT FOR THE | CIVIL ACTION<br><br>Civil Action No. 1:13-cv-05197-RMB-KMW<br><br><br><br>BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT |

DEPTFORD TOWNSHIP POLICE
DEPARTMENT; JESSE YAMADA,
individually and in his official capacity as
SERGEANT FOR GLOUCESTER
COUNTY DEPARTMENT OF
CORRECTIONAL SERVICES and JOHN
DOES 1-10

        Defendant(s).

## FACTS AND PROCEDURAL HISTORY

On August 29, 2013, Plaintiff Taharqu Dean filed a complaint against a number of defendants.  (Exhibit 1, Plaintiff's complaint)   As to the Defendant County of Gloucester, Plaintiff sued Warden Eugene Caldwell, II and Sergeant Jesse Yamada.

Plaintiff's complaint did not include any factual allegations as to Warden Caldwell.  As to Sergeant Yamada, Plaintiff's sole fact of contention was that "[w]hen Plaintiff arrived at the jail, Defendant, Sergeant Jesse Yamada stated, 'we've been waiting on you.  You like to hit police officers [sic] (paraphrasing Yamada).'"  (Id., ¶ 26)

On February 5, 2014, Plaintiff filed a stipulation of dismissal as to Warden Caldwell, without prejudice.  (Exhibit 2)

On April 9, 2014, Plaintiff filed a motion for leave to file an amended complaint. [Docket Item 58]  Plaintiff's proposed amended complaint is attached hereto as Exhibit 3.

Plaintiff's proposed amended complaint identified the following Gloucester County corrections officers as newly added defendants:

- M. Graham;
- W. Hebler;
- S. Beebe;
- J. Bene;

- M. Williams;
- K. Curtis;
- D. Free;
- L. Owens;
- S. Newsome;
- S. Pullium;
- C. Finnegan; and
- S. Borton.

(Id., ¶¶ 12-23)

Factually, the only "new" allegations as to any Gloucester County officers are set forth in

Paragraph 44.  That paragraph states:

> Defendants' representatives, Defendants, John Doe(s) 1-10, reported Plaintiff's
> behavior as aggressive and suicidal.  Plaintiff [was] sprayed in the face with
> pepper spray, restrained in a "turtle suit," and beaten several more times while in
> the facility **by Defendants Yamada, Borton, and Finnegan**.

(Exhibit 3, Plaintiff's proposed amended complaint, ¶ 44; emphasis added)

Other than Messieurs Yamada, Borton and Finnegan, the proposed Amended Complaint

does not include any factual allegations as to any other Gloucester County corrections officer.

In addition, the complaint seeks to add new counts at Counts IV through VIII.  (Id.)

Those newly added counts are:

- Malicious prosecution (Count IV);
- Selective enforcement (Count V);
- False arrest (Count VI);
- Assault (Count VII); and
- False imprisonment (Count VIII).

None of the newly added counts allege any specific action or inaction as to any

Gloucester County officer.

## LEGAL ANALYSIS

### Legal Standard

Motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a). Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The ultimate decision to grant or deny leave to amend is a matter committed to the Court's sound discretion. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1970).

The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir.2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929, (2007)). Given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 764 (D.N.J.2000) (citations omitted). Thus, "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J.1990) (emphasis added); see also 6 Wright, Miller & Kane Federal Practice and Procedure, § 1487 (2d ed.1990).

**Legal Argument**

## I.  THE NEWLY ADDED GLOUCESTER COUNTY CORRECTIONS OFFICERS.

It is true that Plaintiff alleges that the proposed newly added Defendants, Gloucester County corrections officers Borton and Finnegan beat Plaintiff several times while in the facility. The complaint does not include any factual allegations, however, as to the other proposed Gloucester County Defendants.   Given that the complaint does not include any factual allegations as to any of the newly added defendants (with the exception of Borton and Finnegan) it should be denied.

## II.  THE NEWLY ADDED CLAIMS.

Counts IV, V, VI and VIII do not include any factual allegations that would appear to implicate any Gloucester County corrections officer. Additionally, these claims reference the arrest of Plaintiff and, according to Plaintiff's complaint, he was arrested by Deptford Township officers, not Gloucester County officers. The motion to amend should be denied to the extent that Plaintiff seeks to assert these claims against either the County of Gloucester or its officers.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend should be denied.

MADDEN & MADDEN, P.A.

*/s/ Patrick J. Madden*

By:   _____
Patrick J. Madden, Esquire

Dated:  April 17, 2014

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Taharqu Dean | : | |
| 315 S. Delsen Drive, Apt. E-8 | : | |
| Clayton, NJ 08312 | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Deptford Township d/b/a | : | |
| Deptford Township Police Department | : | |
| 1011 Cooper Street | : | |
| Deptford, NJ 08096 | : | **JURY TRIAL DEMANDED** |
| | : | |
| And | : | |
| | : | |
| | : | |
| Daniel Murphy, individually and in his | : | |
| official capacity as Chief of the Deptford | : | |
| Township Police Department | : | |
| 1011 Cooper Street | : | |
| Deptford, NJ 08096 | : | |
| | : | |
| And | : | |
| | : | |
| Gloucester County d/b/a | : | |
| Deptford Township Police Department | : | |
| 2 South Broad Street | : | |
| Woodbury, NJ 08096 | : | |
| | : | |
| And | : | |
| | : | |
| Gloucester County Department of | : | |
| Correctional Services | : | |
| 2 South Broad Street | : | |
| Woodbury, NJ 08096 | : | |
| | : | |
| And | : | |
| | : | |
| Eugene Caldwell, II, individually and in his | : | |
| official capacity as Warden of the Gloucester | : | |
| County Department of Correctional Services | : | |
| 2 South Broad Street | : | |
| Woodbury, NJ 08096 | : | |
| | : | |
| And | : | |
| | : | |

Brandon Cohen, individually and in his            :
official capacity as Police Officer for the       :
Deptford Township Police Department               :
1011 Cooper Street                                :
Deptford, NJ 08096                                :
                                                  :
      And                                            :
                                                  :
Michael DiVito, individually and in his           :
official capacity as Police Officer for the       :
Deptford Township Police Department               :
1011 Cooper Street                                :
Deptford, NJ 08096                                :
                                                  :
      And                                            :
                                                  :
John Storms, individually and in his official :
capacity as Sergeant for the Deptford             :
Township Police Department                        :
1011 Cooper Street                                :
Deptford, NJ 08096                                :
                                                  :
      And                                            :
                                                  :
Jesse Yamada, individually and in his             :
official capacity as Sergeant for                 :
Gloucester County Department of                   :
Correctional Services                             :
2 South Broad Street                              :
Woodbury, NJ 08096                                :
                                                  :
      And                                            :
                                                  :
John Does 1-10                                    :
                                                  :
             Defendants.      :

## CIVIL ACTION COMPLAINT

### I.    Introduction

Plaintiff experienced a severe seizure in a parking lot in Deptford, Gloucester County,

New Jersey.  Instead of recognizing the medical emergency and providing medical attention,

Defendants accused Plaintiff of attempted burglary of a vehicle.  Defendants further accused

Plaintiff vis-à-vis Plaintiff's uncontrollable thrashing, of defiant behavior. Defendants arrested Plaintiff using excessive force. Then, Plaintiff was imprisoned and severely beaten for three days without necessary medical treatment. Defendants violated the Fourth and Fourteenth Amendments of the United States Constitution, *Monell*, and the New Jersey Civil Rights Act.

### II.    Jurisdiction and Venue

1.      Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2.      Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### III.    Parties

3.      Plaintiff, Taharqu Dean, is an adult individual, currently residing at the above captioned address.

4.      Defendant, Deptford Township, is a municipality located within Defendant, Gloucester County, upon information and belief, both doing business as Defendant, John Doe, the Deptford Township Police Department.

5.      Defendant, Gloucester County Department of Correctional Services, is an agency of Gloucester County.

6.      Defendant, Daniel Murphy, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Deptford Township Police Department, as well as in his official capacity as Chief, acting under color of State law.

7.      Defendant, Eugene Caldwell, II, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester

County Department of Correctional Services, as well as in his official capacity as Warden, acting under color of State law.

8.       Defendant, Brandon Cohen, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Deptford Township Police Department, as well as in his official capacity as Police Officer, acting under color of State law.

9.       Defendant, Michael DiVito, is an adult individual who, at all times material herein acted individually, and/or as an agent, servant, workman, and/or employee of the Deptford Township Police Department, as well as in his official capacity as Police Officer, acting under color of State law.

10.      Defendant, John Storms, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Deptford Township Police Department, as well as in his official capacity as Sergeant, acting under color of State law.

11.      Defendant, Jesse Yamada, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Sergeant, acting under color of State law.

12.      Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### IV.    Statement of Claims

13.    On or about December 27, 2011, Plaintiff was exiting a deli in Deptford, Gloucester County, New Jersey, when he experienced a severe seizure.

14.    Defendant, Police Officer Brandon Cohen, observed Plaintiff looking into a white Nissan Murano sitting in the parking lot.  Cohen accused Plaintiff of attempting to gain access via the passenger's side door.

15.    Cohen, advised Plaintiff that he was under arrest.  By this time, Co-Defendants, Police Officer Michael DiVito and Sergeant John Storms arrived and attempted to make Plaintiff sit on the ground while waiting for a patrol vehicle with a prisoner cage to arrive.

16.    Per Plaintiff's uncontrollable seizing, Defendants found Plaintiff "very uncooperative" and guilty of "defiant behavior."  (Exh. A – Reporting Officer Narrative).  Of course, Plaintiff could not obey the officer's commands – so they used a leg sweep, tripping Plaintiff to the ground.

17.    Plaintiff was brought to his feet while his entire body continued to thrash uncontrollably. The officers accused Plaintiff of attempting to "break free."

18.    Plaintiff was then placed into leg shackles.

19.    Plaintiff was unable to be seat-belted because he was still seizing.

20.    Plaintiff was driven to the Deptford Police headquarters, and physically carried into the cellblock area, by Defendants, John Does 1-10.

21.    At the police headquarters, Plaintiff explained that he had epilepsy, which causes seizures, and Plaintiff requested medical attention.

22.    Officer DiVito accused Plaintiff of "pretending" in order to hinder the booking process. (Exh. A).

23.     Plaintiff was processed and charged with Criminal Attempt Burglary, Aggravated Assault on a Law Enforcement Officer, and Disorderly Conduct and Resisting Arrest.  Bail was set at $25,000 – full cash.  (Exh. B – Criminal Complaints).

24.     Upon completion of the booking process, Plaintiff was transported by Defendants, John Does, to Kennedy Hospital.  While en route, John Does stated that Plaintiff admitted that he faked a seizure while in custody at police headquarters.  In fact, Plaintiff never made such an admission, and Plaintiff suffers from severe focal onset seizures.  (Exhs. C and D).

25.     Plaintiff was unable to post bail, and was committed to the Gloucester County Correctional Facility for approximately three (3) days.

26.     When Plaintiff arrived at the jail, Defendant, Sergeant Jesse Yamada stated, "We've been waiting on you. You like to hit police officers (paraphrasing Yamada)."

27.     At that time, Plaintiff again explained that he needed medication to avoid another seizure and asked the correctional facility staff to contact his doctor, Christopher Todd Anderson, M.D., Department of Neurology, University of Pennsylvania.

28.     The prison medical staff, Defendants, John Does, told Plaintiff that Doctor Anderson had not prescribed Plaintiff any medications.

29.     In fact, Plaintiff's treating doctor had, at the time of the incident, prescribed three anti-seizure medications.  (Exh. C – Prescriptions).

30.     The first night in jail, Plaintiff was severely beaten by Defendant Correctional Officers, Defendants, John Does 1-10, in the jail's shower facility.

31.     Severely bruised and without medications, Plaintiff suffered multiple seizures over the next several days.

32.     Defendants' representatives, Defendants, John Does 1-10, reported Plaintiff's behavior as aggressive and suicidal.  Plaintiff was restrained in a "turtle suit" and beaten several more times while in the facility.

33.     As a direct result of the aforesaid beatings, Plaintiff suffered sustained, serious, severe and long-term (potentially permanent) injuries, including, but not limited to his shoulder, rotator cuff, back, and face, extreme and continuing pain, together with various other injuries the exact extent of which are unknown at this time, including shock to Plaintiff's nerves and nervous system with emotional distress.

34.     On or about August 6, 2012, Plaintiff's case was dismissed with prejudice.  (Exh. E).

35.     The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights.  Specifically, Defendants retaliate against suspect police assailants, ignore medical emergencies, fail to treat medical emergencies, and instead, arrest without probable cause, as a result of failure to train, supervise or otherwise.

36.     Plaintiff has suffered and continues to suffer severe physical and psychological stress as a result.

**V.       Causes of Action**

**COUNT I**
**Excessive Force**

37.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

38.     At the time of Defendants' conduct, Plaintiff had not committed any infraction or otherwise to legally justify the force used by Defendants.

39.    Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

40.    Defendants caused Plaintiff to suffer excessive force by their wrongful conduct all in violation of the Fourth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT II
### *Monell*

41.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

42.    Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the Township of Deptford and County of Gloucester, which caused violations of Plaintiff's constitutional and other rights.

43.    The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

44.    Plaintiff suffered harm due to Defendants' conduct.

## COUNT III
### N.J.S.A. 10:6-2 – New Jersey Civil Rights Act

45.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

46.    Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well settled rights under the New Jersey Civil Rights Act.  N.J.S.A. 10:6-2.

47.    Plaintiff suffered harm due to Defendants' conduct.

**VI.    Prayer for Relief**

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

       a.  Statutory damages;
       b.  Compensatory damages, including;
          i.  Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, attorneys fees related to the criminal defense,  and emotional distress;
          ii.  Attorneys' fees and expenses, and costs of suit.
       c.  Injunctive relief, including;
          i.  Monitoring and training.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

# EXHIBIT A

## REPORTING OFFICER NARRATIVE

| Deptford Police Department | | OCA 11-00048520 |
|---|---|---|
| Victim **DIVITO, PO MICHAEL** | Offense **AGGRAVATED ASSAULT - POLICE OFFICER** | Date / Time Reported **Tue 12/27/2011 12:35** |

**THE INFORMATION BELOW IS CONFIDENTIAL FOR USE BY AUTHORIZED PERSONNEL ONLY**

On 12/27/2011 at 1235 hrs. I responded to 1276 Clements Bridge Road for a request for assistance from Gloucester County Prosecutors Office. Dispatch advised that Ofc. Brandon Cohen of the Gloucester County Prosecutors Office was detaining a black male in all black who was attempting to break into a car. I responded at emergency speed.

Upon my arrival, Ofc. Cohen had the male detained against a white Nissan Murano sitting in the parking lot. Ofc. Cohen stated that the male was attempting to break into the vehicle. He observed the accused looking into the vehicle and attempting to gain access via the passengers side door.

At that time, the subject was advised that he was under arrest. The subject was handcuffed to the rear and the cuffs were double locked, then checked for appropriate tights. The male was checked at this time for any contraband and a wallet was located in his rear right pocket. Inside the wallet was the New Jersey State Identification with the name, Taharqa Dean of 315 S. Delsea Drive Apt. E8 in Clayton, NJ. Mr. Dean was continuing to be very uncooperative at this time. Sgt. Storms and I attempted to have the male take a seat on the ground while waiting for a patrol vehicle with a prisoner cage to arrive. While attempting to have the subject sit down he continuously attempted to pull away from us and continued to state "Fuck You, I am going home." Mr. Dean was then assisted to the ground using a leg sweep.

PO Prinicipato arrived on location and Mr. Dean was assisted to his feet. Mr. Dean still continued to pull away and thrashed his entire body around in the attempt to break free. After being escorted to patrol vehicle #523, I performed a check of the back seat for contraband and negative. Mr. Dean refused to get into the back seat area. Mr. Dean had to be assisted into the vehicle and while he was being assisted into the vehicle he kicked with his feet, striking me in the middle of the my chest. Mr. Dean was then placed into leg shackles. Mr. Dean was unable to be seat belted in, due to the fact that he refused to sit up and continuously kicked the rear door window. PO Prinicipato then transported Mr. Dean to headquarters where he parked his vehicle in the secured sallyport.

PO Prinicipato and PO Martin secured their weapons in a provided lock box and removed Mr. Dean from the vehicle after the garage door was closed. A check of the rear compartment for contraband was conducted which was negative. Mr. Dean refused to allow officers to remove the leg shackles after being removed from the car, therefore (3) officers had to physically carry him to the cellblock area. After several moments of his defiant behavior, he complied and the shackles were removed. Mr. Dean was then escorted into the secured booking room, where a second check of his person was conducted for any contraband. Mr. Dean then stated that he was going to have a seizure, at which time we requested Deptford Emergency Services Unit to respond to headquarters to check the accused. Mr. Dean refused treatment from the ambulance, and stated that he remember everything that had transpired. Being a trained and state certified EMT, I am aware that when you have a seizure you do not remember anything and believed that Mr. Dean was pretending to sieze in order to hinder officer from completing the booking process.

Mr. Dean was then processed for Criminal Attempt Burglary (11-00048517), Aggravated Assault on a Law Enforcement Officer (11-00048520) and Disorderly Conduct and Resisting Arrest (11-00048521). Bail was set at $25,000.00 full cash by MCJ William Golden. Mr. Dean was unable to post bail and was committed to the Gloucester County Jail after being medically cleared for incarceration by Kennedy Hospital.

| Reporting Officer: *DIVITO, M. D.* | Page 3 |
|---|---|
| PD_PTL_SGT1 # jstorms  12/27/2011 14:48 | |

# EXHIBIT B

Feb. 16. 2012  9:59AM     GLOUC CO  NJ PUBLIC DEFENDERS                    No. 9436   P. 4
Case 1:13-cv-05197-RMB-KMW   Document 1-2   Filed 08/29/13   Page 4 of 14 PageID: 14

## COMPLAINT - WARRANT

| COMPLAINT NUMBER | | | |
|---|---|---|---|
| **0822** | **W** | **2011** | **000786** |
| MUNICIPALITY | PREFIX | YEAR | SEQUENCE # |

*THE STATE OF NEW JERSEY*
*VS.*

TAHADA N DEAN

WOODBURY CITY MUNICIPAL COURT
2ND N BROAD STREET
WOODBURY            NJ 08096
(856) 845-0591 COUNTY OF GLOUCESTER

ADDRESS: 318 S. DELSEA DR. APT-E8

CLAYTON            NJ 08312

| # of CHARGES | CO-DEFTS | POLICE CASE # 2011-22560 |
|---|---|---|

DEFENDANT INFORMATION
SEX: M  EYE COLOR: BROWN    DOB: 07-30-1979
DRIVER'S LIC. #                      DL STATE:
SOCIAL SECURITY #: 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  RACE: B
TELEPHONE #:

COMPLAINANT
NAME: ALBERT ANDERSON
200 N BROAD ST
ATTN WARRANTS
WOODBURY            NJ 08096

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 12-27-2011 in      WOODBURY CITY      GLOUCESTER   County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, COMMIT AGGRAVATED ASSAULT BY PURPOSELY, KNOWINGLY, OR RECKLESSLY CAUSING BODILY INJURY TO SGT. JESSE YAMADA, A LAW ENFORCEMENT OFFICER, ACTING IN HIS DUTIES, WHILE IN UNIFORM OR WHILE EXHIBITING EVIDENCE OF HIS AUTHORITY, SPECIFICALLY BY ATTACKING SGT. YAMADA IN THE BATHROOM OF THE BOOKING AREA CAUSING HIM INJURY TO HIS SHOULDER

## DETAINER

PC: nature of offense

In violation of:

| Original Charge | 1) 2C:12-1B(5)(A) | 2) | 3) |
|---|---|---|---|
| Amended Charge | | | |

CERTIFICATION:
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Signed: _Ra. Clear Car_                          Date: 12/28/11

DATE OF FIRST APPEARANCE 12-29-2011    TIME: 9:00am    DATE OF ARREST 12-27-2011

### PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐ Probable cause IS NOT found for the issuance of this complaint.

| Signature of Court Administrator or Deputy Court Administrator | Date | Signature of Judge | Date |
|---|---|---|---|

☒ Probable cause IS found for the issuance of this complaint.  _Jaci Reid, DMAA/CMCA_  12-28-11

TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.

Bail Amount Set: 15,000.00 / FULL by:  _William Holden_

| ☐ Domestic Violence -- Confidential | ☐ Related Traffic Tickets or Other Complaints | ☐ Serious Personal Injury/Death Involved |
|---|---|---|

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

## ORIGINAL

Page 1 of 7            NJ/CDR2 8/1/2001

Case 1:13-cv-05197-RMB-KMW   Document 65   Filed 04/17/14   Page 20 of 54 PageID: 426

Feb 16 2012 9:59AM GLOUC CO NJ PUBLIC DEFENDERS No 2426 P 2
Case 1:13-cv-05197-RMB-KMW   Document 1-2   Filed 08/29/13   Page 5 of 11 PageID: 15

# COMPLAINT-WARRANT

**W 0802-SW-2011-002550**

## THE STATE OF NEW JERSEY
### VS.
### TAHARQA M DEAN

DEPTFORD TWP MUNICIPAL COURT
1011 COOPER STREET
DEPTFORD              NJ 08096
(856) 686-2230   COUNTY OF: GLOUCESTER

**ADDRESS:** 315 S. DELSEA DRIVE #E8

CLAYTON                    NJ 08312

| # of CHARGES | CO-DEFTS | POLICE CASE # |
| 1 | | 11-48517 |

**COMPLAINANT NAME:** MICHAEL DIVITO

**DEFENDANT INFORMATION**
SEX: M  EYE COLOR: BROWN        DOB: 07-30-1978
DRIVER'S LIC. #: D20307327407782        DL STATE: NJ
SOCIAL SECURITY #: 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   SBI #:
TELEPHONE #: (856) 225-3148

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 12-27-2011 in          DEPTFORD TWP          , GLOUCESTER County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, ATTEMPT TO COMMIT THE CRIME OF (BURGLARY), (SPECIFICALLY BY *) ATTEMPTING TO ENTER A 2006 NISSAN MURANO (NJ REGISTRATION #D55AWZ, IN THE PARKING LOT OF RASTELLI FOOD MARKET. IN VIOLATION OF N.J.S. 2C:5-1A(1). PC IS FOUND IN NARRATIVE AND OATH.

In violation of:

| | | | | |
|---|---|---|---|---|
| Original Charge | 1) 2C:18-2A  2C:5-1A(1) | | 2) | 3) |
| Amended Charge | | | | |

**OATH:**
Subscribed and sworn to me this 27th day of Decem 11

Signed: PO Mic ___ 5177
(Signature of Complaining Witness)

Signed: ___
(Signature of Person Administering Oath and Title)

DATE OF FIRST APPEARANCE  01-25-2012   TIME   8:00am   DATE OF ARREST 12-27-2011

### PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐ Probable cause is NOT found for the issuance of this complaint.

Signature of Court Administrator or Deputy Court Administrator       Date          Signature of Judge                  Date

☐ Probable cause is found for the issuance of this complaint.
Signature and Title of Judicial Officer Issuing Warrant   Date  12/27/11

TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON; PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.

Bail Amount Set: 2,500.00 /FULL by: ___
(if different from judicial officer that issued warrant)

☐ Domestic Violence – Confidential     ☐ Related Traffic Tickets or Other Complaints     ☐ Serious Personal Injury/ Death Involved

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

DEFENDANT'S COPY

# COMPLAINT - WARRANT

**THE STATE OF NEW JERSEY**
**VS.**
TAHARQA M DEAN

0602 W 2011 002391

DEPTFORD TWP MUNICIPAL COURT
1011 COOPER STREET
DEPTFORD                NJ  08096
(856) 686-2230    COUNTY OF: GLOUCESTER

ADDRESS:
315 S. DELSEA DRIVE #E8

CLAYTON              NJ 08312

| # of CHARGES | CO-DEFTS | POLICE CASE # |
|---|---|---|
| 1 | | 11-48520 |

COMPLAINANT
NAME:  MICHAEL DIVITO

**DEFENDANT INFORMATION**
SEX: M  EYE COLOR: BROWN                DOB: 07-30-1978
DRIVER'S LIC. #: D20307327407782                  DL STATE: NJ
SOCIAL SECURITY #: 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        SBI #:
TELEPHONE #: (856) 225-3148

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 12-27-2011 in       DEPTFORD TWP          , GLOUCESTER County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, COMMIT AGGRAVATED ASSAULT BY PURPOSELY,
KNOWINGLY, OR RECKLESSLY CAUSING BODILY INJURY TO (P.O. DIVITO), A LAW
ENFORCEMENT OFFICER, ACTING IN THE PERFORMANCE OF HIS DUTIES, WHILE IN UNIFORM,
OR WHILE EXHIBITING EVIDENCE OF HIS AUTHORITY, (SPECIFICALLY BY *) ATTEMPTING TO
PLACE THE ACCUSED, ALREADY UNDER ARREST, IN THE BACK OF A PATROL VEHICLE, AND THE
ACCUSED KICKED P.O. DIVITO IN THE CHEST WITH BOTH FEET, IN VIOLATION OF
2C:12-1B(5)(A). PC IS FOUND IN NARRATIVE AND OATH.

In violation of:

| Original Charge | 1) 2C:12-1B(5)(A) | 2) | 3) |
|---|---|---|---|
| Amended Charge | | | |

OATH:
Subscribed and sworn to me this _____ day of _____
Signed: _____ 5175
                    (Signature of Complaining Witness)
Signed: _____
                    (Signature of Person Administering Oath and Title)

DATE OF FIRST APPEARANCE 01-25-2012    TIME   8:00am    DATE OF ARREST 12-27-2011

## PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐ Probable cause is NOT found for the issuance of this complaint.

| Signature of Court Administrator or Deputy Court Administrator | Date | Signature of Judge | Date |
|---|---|---|---|
| ☑ Probable cause is found for the issuance of this complaint. | | | 12/27/11 |

(Signature and Title of Judicial Officer Issuing Warrant)

TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.

Bail Amount Set: 25000.00 /FULL by: _____
                                              (if different from Judicial officer that issued warrant)

| ☐ Domestic Violence – Confidential | ☐ Related Traffic Tickets or Other Complaints | ☐ Serious Personal Injury/ Death Involved |
|---|---|---|

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

DEFENDANT'S COPY

COMPLAINT-WARRANT

## THE STATE OF NEW JERSEY
### VS.
### TAHARQA M DEAN

DEPTFORD TWP MUNICIPAL COURT
1011 COOPER STREET
DEPTFORD                    NJ  08096.
(856) 686-2230    COUNTY OF: GLOUCESTER

ADDRESS: 315 S. DELSEA DRIVE #E8

CLAYTON                    NJ 08312

| # of CHARGES | CO-DEF'TS | POLICE CASE # |
|---|---|---|
| 2 | | 11-48521 |

COMPLAINANT
NAME:  MICHAEL DIVITO

**DEFENDANT INFORMATION**
SEX: M  EYE COLOR: BROWN       DOB: 07-30-1978
DRIVER'S LIC. #. D20307327407782        DL STATE: NJ
SOCIAL SECURITY #: 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     SBI #:
TELEPHONE #: (856) 226-3148

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 12-27-2011 in      DEPTFORD TWP      , GLOUCESTER County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY PREVENT A LAW ENFORCEMENT
OFFICER FROM EFFECTING A LAWFUL ARREST BY USING OR THREATENING TO USE PHYSICAL
FORCE OR VIOLENCE AGAINST (P.O. DIVITO), A LAW ENFORCEMENT OFFICER FOR THE
DEPTFORD POLICE, (SPECIFICALLY BY *) PHYSICALLY FIGHTING AND RESISTING ARREST IN
AN ATTEMPT TO PLACE HIM IN CUSTODY. IN VIOLATION OF 2C:29-2A(1).

WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY OR RECKLESSLY CREATE THE RISK OF
PUBLIC INCONVIENCE, ANNOYANCE OR ALARM BY ENGAGING IN (VIOLENT) BEHAVIOR,
(SPECIFICALLY BY *) FIGHTING WITH P.O. DIVITO, A LAW ENFORCEMENT OFFICER, IN
FRONT OF THE BURGLARY VICTIM, KATHI SOLEM, AND ALSO YELLING, "GET THE FUCK OFF
ME." IN VIOLATION OF 2C:33-2A(1). PC IS FOUND IN NARRATIVE AND OATH.

In violation of:

| Original Charge | 1) 2C:29-2A(1) | 2) 2C:33-2A(1) | 3) |
|---|---|---|---|
| Amended Charge | | | |

OATH:
Subscribed and sworn to me this _____ day of _____ yr _____
Signed: _____
(Signature of Complaining Witness)

Signed: _____
(Signature of Person Administering Oath and Title)

DATE OF FIRST APPEARANCE  01-25-2012    TIME   8:00am    DATE OF ARREST 12-27-2011

### PROBABLE CAUSE DETERMINATION AND ISSUANCE OF WARRANT

☐ Probable cause is NOT found for the issuance of this complaint.

_____    _____     _____     _____
Signature of Court Administrator or Deputy Court Administrator    Date    Signature of Judge    Date

☑ Probable cause IS found for the issuance of this complaint.
TO ANY PEACE OFFICER OR OTHER AUTHORIZED PERSON: PURSUANT TO THIS WARRANT YOU ARE HEREBY COMMANDED TO ARREST THE
NAMED DEFENDANT AND BRING THAT PERSON FORTHWITH BEFORE THE COURT TO ANSWER THE COMPLAINT.

Bail Amount Set:  25,000.00 /FULL by: _____
(if different from Judicial officer that issued warrant)

| ☐ Domestic Violence – Confidential | ☐ Related Traffic Tickets or Other Complaints | ☐ Serious Personal Injury/ Death Involved |
|---|---|---|

Special conditions of release:
☐ No phone, mail or other personal contact w/victim
☐ No possession firearms/weapons
☐ Other (specify):

DEFENDANT'S COPY

COMPLAINT SUMMONS

0802                                    2011 M 313

THE STATE OF NEW JERSEY
VS.
TAHARQA M DEAN

DEPTFORD TWP MUNICIPAL COURT
1011 COOPER STREET
DEPTFORD                    NJ  08096
(856) 686-2230   COUNTY OF: GLOUCESTER

ADDRESS: 315 S. DELSEA DRIVE #58

CLAYTON                    NJ  08312

| # of CHARGES | CO-DEFTS | POLICE CASE # |
|---|---|---|
| 1 | | 11-48531 |

COMPLAINANT
NAME:   PTLM J GRAHAM

DEFENDANT INFORMATION
SEX:  M  EYE COLOR:  BROWN          DOB: 07-30-1978
DRIVER'S LIC. #: D20507327407782          DL STATE: NJ
SOCIAL SECURITY #: 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          SBI #:
TELEPHONE #: (856) 226-3148

By certification or on oath, the complainant says that to the best of his/her knowledge, information and belief the named defendant on or about 12-27-2011 in          DEPTFORD TWP          , GLOUCESTER County, NJ did:
WITHIN THE JURISDICTION OF THIS COURT, PURPOSELY PREVENT OR ATTEMPT TO PREVENT A PUBLIC SERVANT FROM LAWFULLY PERFORMING AN OFFICIAL FUNCTION BY MEANS OF AN INDEPENDENTLY UNLAWFUL ACT, (SPECIFICALLY BY *) NOT COOPERATIVE DURING THE BOOKING PROCESS WITH PROVIDING FINGERPRINTS AND PROPER CONTACT INFORMATION. IN VIOLATION OF N.J.S. 2C:29-1A. PC IS FOUND IN NARRATIVE AND OATH.

In violation of:

| Original Charge | 1) 2C:29-1A | 2) | 3) |
|---|---|---|---|
| Amended Charge | | | |

CERTIFICATION:
I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Signed: PTLM J GRAHAM   #5270          Date: 12-27-2011

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

SUMMONS:
YOU ARE HEREBY SUMMONED to appear before this court to answer this complaint. If you fail to appear on the date and at the time stated below, a warrant may be issued for your arrest.

DATE TO APPEAR: 01-25-2012   TIME: 9:00am

PTLM J GRAHAM          12-27-2011
Signature of Person Issuing Summons          Date

| ☐ Domestic Violence – Confidential | ☐ Related Traffic Tickets or Other Complaints | ☐ Serious Personal Injury/ Death Involved |
|---|---|---|

Special conditions of release:
☐  No phone, mail or other personal contact w/victim
☐  No possession firearms/weapons
☐  Other (specify):

DEFENDANT'S COPY

# EXHIBIT C

## CASE SUPPLEMENTAL REPORT

Printed: 06/06/2012  11:52

*Deptford Police Department*

OCA: *1100048531*

THE INFORMATION BELOW IS CONFIDENTIAL FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLEARED BY ARREST*   Case Mng Status: *CLEARED BY ARREST*

Offense: *OBSTRUCT ADMIN OF LAW*   Occured: *12/27/2011*

Investigator: *PRINCIPATO, M. J. (5520)*

Supervisor: *STORMS, J. (5192)*

Contact:

Date / Time: *12/28/2011 07:10:33, Wednesday*

Supervisor Review Date / Time: *12/28/2011 07:38:25, Wednesday*

Reference: *Supplemental*

---

On 12-27-2011, I was assisting in the booking process of the accused, Taharqa M. Dean who was in custody for numerous criminal charges. Refer to P.O. Divito's reports, case #'s 11-00048517, 48520, and 48521.

The accused refused to provide me with his emergency contact name, refused to sign the cell log sheet and refused to be fingerprinted and stand for photographs of himself after being asked several times.

Upon completion of the booking the process the accused was transported by myself and PO Brown to Kennedy Hospital. While enroute the accused admitted to myself and PO Brown that he faked a siezure while in custody at police headquarters. While in Kennedy hospital the accused was asked by hospital staff to provide a urine sample. The accused urinated on the bathroom floor of the hospital while attempting to provide a sample. While cuffed for safety to the hospital bed the accused became violent and verbally abusive to the hospital staff. While children where present inside the hospital emergency room the accused used extreme vulgar language with a high tone of voice.

The accused was transported to the Gloucester County Jail upon clearance by Kennedy Hospital. The accused again became combative with the corrections officers at the County Jail.

# EXHIBIT D

 **UNIVERSITY OF PENNSYLVANIA MEDICAL CENTER**                         Department of Neurology

University of Pennsylvania School of Medicine
Hospital of the University of Pennsylvania

**Department of Neurology**

Pt Name: Taharqa Dean                    Wednesday, March 27, 2013

CONFIDENTIAL

To Whom It May Concern:

Mr. Taharqa Dean was my patient at the University of Pennsylvania from 2011 to March 2013. He suffers from severe focal onset seizures which manifest as altered behavior, confusion, amnesia and hypermotor symptoms, for example, kicking and uncontrollable leg movements. He has had two brain surgeries which have helped partially but he remains with epilepsy.

At Mr. Dean's request I am documenting that at the time he was in the Gloucester County Jail between Dec 27, 2011 & Jan 6, 2012 he should have been taking or given 3 anti-seizure medications which I prescribed:1. Keppra 250 mg by mouth twice daily, 2. Topamax 200 mg by mouth twice daily, 3. Dilantin 300 mg by mouth each night.

He reports that he was not given all of his medications and this likely contributed to his worsened seizures while in jail. I have no recollection of being contacted by any personnel from the jail regarding his proper medical care nor can I find documentation of being called.

As I am in the process of moving to another institution, further questions can be directed to Dr. John Pollard, MD in our practice or I am needed I can contacted at ca27@columbia.edu. Mr. Dean has generally been a reliable and compliant patient and I wish him the best.

Sincerely,

**Christopher Todd Anderson, M.D.**
Clinical Assistant Professor of Neurology, Diplomat, American Board of Psychiatry & Neurology Department of Neurology, University of Pennsylvania.

Penn Epilepsy Center, 3 West Gates Building, 3400 Spruce Street, HUP, Philadelphia, PA, 19104-4283 Office: 215 349 5166, Fax 215 349-5733.

# EXHIBIT E



COURTS PUBLIC ACCESS

Promis/Gavel Public Access: Charge/Disposition

**⬇ Page: 1**

ACS Inquiry

```
CASE NUMBER      : 12000007                        DEFENDANT NO : 001
DEFENDANT NAME : DEAN              TAHARQA    M

IND/ACC NO     : 00-00-00000-   CHARG DOC: DISORDERLY PERSON      COUNT:  000
CHARGE COUNT   : 901    CRIME TYPE : DISORDERLY PERSONS     DEGREE : 0
PRIMARY STATUTE: 2C:29-2A(1)        RESIST ARREST-VIOLENCE
     AUX STATUTE:
DRUG TYPE      :                                  OFFENSE DATE : 12  27  2011
CDR NUMBER     : W  20110238320802        CDR ISS DATE: 12 27 2011
CDR REC DATE   : 12  29  2011   POLC CASE NO : 1148521      NUNIC DOC : 001

INTERFACE IND : Y
CHG DISP IND  : Y          CHG DISP DATE: 08  06  2012
CHARGE ACTION : DISMISSED            ACTION REASON: DISMISSED MOT PROS

APPEALED IND  :
CHANGE STATUTE :
CHG AUX STATUTE:
PROSECUTOR    : MORE            JOSEPH        CHANGE DEGREE : 0
JUDGE         : MARSHALL JR     WALTER     L
DORA ISS DATE : 00 00 0000   DORA VAC/EXP:  00 00 0000   AGENCY:  0000
```

Copyrighted   2007   New Jersey Judiciary

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**TAHARQU DEAN,**
*Plaintiff*

V.

**SUMMONS IN A CIVIL CASE**

**DEPTFORD TOWNSHIP, ET AL.,**
*Defendant*

CASE NUMBER: **1:13–CV–05197–RMB–KMW**

TO: *(Name and address of Defendant):* Eugene Caldwell, II, individually and in his official capacity as Warden of the Gloucester County Department of Correctional Services 2 South Broad Street Woodbury, NJ 08096

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

# Weisberg Law, P.C.
# 7 S. Morton Ave.
# Morton, PA 19070

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**WILLIAM T. WALSH**

CLERK

**Brian D. Kemner**

(By) DEPUTY CLERK

ISSUED ON 2013–08–30 08:45:05.0, Clerk
USDC NJD

**RETURN OF SERVICE**

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me (1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify) : _____

_____

_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                        Date                                Signature of Server

                                        _____
                                        Address of Server

Case 1:13-cv-05197-RMB-KMW   Document 2   Filed 08/29/13   Page 1 of 2 PageID: 25

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**TAHARQU DEAN,**
*Plaintiff*

V.                                    **SUMMONS IN A CIVIL CASE**

**DEPTFORD TOWNSHIP, ET AL.,**
*Defendant*

CASE NUMBER: 1:13–CV–05197–RMB–KMW

TO: *(Name and address of Defendant):* Jesse Yamada, individually and in his official capacity as Sergeant for Gloucester County Department of Correctional Services
2 South Broad Street
Woodbury, NJ 08096

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

## Weisberg Law, P.C.
## 7 S. Morton Ave.
## Morton, PA 19070

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**WILLIAM T. WALSH**

CLERK

**Brian D. Kemner**

(By) DEPUTY CLERK



ISSUED ON 2013-08-30 08:45:05.0, Clerk
USDC NJD

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me (1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____

_____

_____

☐ Other (specify) :_____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  _____        _____
Date                    *Signature of Server*

_____
*Address of Server*

EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Taharqu Dean                              :
315 S. Delsen Drive, Apt. E-8             :
Clayton, NJ 08312                         :    NO.:   13-5197
                    Plaintiff,        :
     v.                                  :
                             :
Deptford Township d/b/a                   :
Deptford Township Police Department, et al.:
1011 Cooper Street                        :
Deptford, NJ 08096                        :    **JURY TRIAL DEMANDED**
                             :
           Defendants.   :

### STIPULATION

AND NOW this _____6th_____ day of _Februar_2014, is hereby STIPULATED

and AGREED, by and between all pertinent parties, by and through their undersigned counsel,

that Defendant, Caldwell, is voluntarily dismissed as a party within, without prejudice.


/s/ Matthew B. Weisberg                         Pat J Madden
Matthew B. Weisberg, Esquire                    Patrick Madden, Esquire
Attorney for Plaintiff                          Attorney for Defendant, Caldwell


A. Michael Barker, Esq.                         Matthew B. Weng, Esq.
Vanessa E. James, Esq.


**AND IT IS SO ORDERED.**


_____
                               U.S.D.J.

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Taharqu Dean | : | |
| 315 S. Delsen Drive, Apt. E-8 | : | |
| Clayton, NJ 08312 | : | CIVIL ACTION NO.: 13-5197 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| Deptford Township d/b/a | : | |
| Deptford Township Police Department | : | |
| 1011 Cooper Street | : | |
| Deptford, NJ 08096 | : | **JURY TRIAL DEMANDED** |
| | : | |
| And | : | |
| | : | |
| Daniel Murphy, individually and in his | : | |
| official capacity as Chief of the Deptford | : | |
| Township Police Department | : | |
| 1011 Cooper Street | : | |
| Deptford, NJ 08096 | : | |
| | : | |
| And | : | |
| | : | |
| Gloucester County d/b/a | : | |
| Deptford Township Police Department | : | |
| 2 South Broad Street | : | |
| Woodbury, NJ 08096 | : | |
| | : | |
| And | : | |
| | : | |
| Gloucester County Department of | : | |
| Correctional Services | : | |
| 2 South Broad Street | : | |
| Woodbury, NJ 08096 | : | |
| | : | |
| And | : | |
| | : | |
| Eugene Caldwell, II, individually and in his | : | |
| official capacity as Warden of the Gloucester | : | |
| County Department of Correctional Services | : | |
| 2 South Broad Street | : | |
| Woodbury, NJ 08096 | : | |
| | : | |
| And | : | |
| | : | |

Brandon Cohen, individually and in his    :
official capacity as Police Officer for the    :
Deptford Township Police Department    :
1011 Cooper Street    :
Deptford, NJ 08096    :
    :
       And    :
    :
Michael DiVito, individually and in his    :
official capacity as Police Officer for the    :
Deptford Township Police Department    :
1011 Cooper Street    :
Deptford, NJ 08096    :
    :
       And    :
    :
John Storms, individually and in his official    :
capacity as Sergeant for the Deptford    :
Township Police Department    :
1011 Cooper Street    :
Deptford, NJ 08096    :
    :
       And    :
    :
Jesse Yamada, individually and in his    :
official capacity as Sergeant for    :
Gloucester County Department of    :
Correctional Services    :
2 South Broad Street    :
Woodbury, NJ 08096    :
    :
       And    :
    :
M. Graham, individually and in his official    :
capacity as Sergeant and Shift Commander    :
for Gloucester County Department of    :
Correctional Services    :
2 South Broad Street    :
Woodbury, NJ 08096    :
    :
       And    :
    :
W. Hebler, individually and in his official    :
capacity as Lieutenant and Shift Commander:
for Gloucester County Department of    :
Correctional Services    :

2 South Broad Street
Woodbury, NJ 08096

     And

S. Beebe, individually and in his official
capacity as Sergeant and Shift Commander
for Gloucester County Department of
Correctional Services
2 South Broad Street
Woodbury, NJ 08096

     And

J. Bene, individually and in his official
capacity as Sergeant and Shift Commander
for Gloucester County Department of
Correctional Services
2 South Broad Street
Woodbury, NJ 08096

     And

M. Williams, individually and in his official
capacity as Sergeant and Shift Commander
for Gloucester County Department of
Correctional Services
2 South Broad Street
Woodbury, NJ 08096

     And

K. Curtis, individually and in his official
capacity as Sergeant and Shift Commander
for Gloucester County Department of
Correctional Services
2 South Broad Street
Woodbury, NJ 08096

     And

D. Free, individually and in his official
capacity as Lieutenant and Shift Commander
for Gloucester County Department of
Correctional Services
2 South Broad Street

Woodbury, NJ 08096          :
                                      :

        And                 :
                                      :

L. Owens, individually and in his official   :
capacity as Lieutenant and Shift Commander:
for Gloucester County Department of     :
Correctional Services              :
2 South Broad Street              :
Woodbury, NJ 08096          :
                                      :

        And                 :
                                      :

S. Newsom, individually and in his official :
capacity as Lieutenant and Shift Commander:
for Gloucester County Department of     :
Correctional Services              :
2 South Broad Street              :
Woodbury, NJ 08096          :
                                      :

        And                 :
                                      :

S. Pullium, individually and in his official  :
capacity as Sergeant and Shift Commander:
for Gloucester County Department of     :
Correctional Services              :
2 South Broad Street              :
Woodbury, NJ 08096          :
                                      :

        And                 :
                                      :

C. Finnegan, individually and in his official :
capacity as Corrections Officer for      :
Gloucester County Department of        :
Correctional Services              :
2 South Broad Street              :
Woodbury, NJ 08096          :
                                      :

        And                 :
                                      :

S. Borton, individually and in his official  :
capacity as Corrections Officer for      :
Gloucester County Department of        :
Correctional Services              :
2 South Broad Street              :
Woodbury, NJ 08096          :

```
                                      :
      And                             :
                                      :
John Does 1-10                        :
                                      :
                 Defendants.          :
```

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.       Introduction

Plaintiff experienced a severe seizure in a parking lot in Deptford, Gloucester County, New Jersey.  Instead of recognizing the medical emergency and providing medical attention, Defendants accused Plaintiff of attempted burglary of a vehicle.  Defendants further accused Plaintiff vis-à-vis Plaintiff's uncontrollable thrashing, of defiant behavior.  Defendants arrested Plaintiff using excessive force.  Then, Plaintiff was imprisoned and severely beaten for three days without necessary medical treatment.  Defendants violated the Fourth and Fourteenth Amendments of the United States Constitution, *Monell*, and the New Jersey Civil Rights Act.

### II.      Jurisdiction and Venue

1.      Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2.      Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### III.     Parties

3.      Plaintiff, Taharqu Dean, is an adult individual, currently residing at the above captioned address.

4.      Defendant, Deptford Township, is a municipality located within Defendant, Gloucester County, upon information and belief, both doing business as Defendant, John Doe, the Deptford Township Police Department.

5.      Defendant, Gloucester County Department of Correctional Services, is an agency of Gloucester County.

6.      Defendant, Daniel Murphy, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Deptford Township Police Department, as well as in his official capacity as Chief, acting under color of State law.

7.      Defendant, Eugene Caldwell, II, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Warden, acting under color of State law.

8.      Defendant, Brandon Cohen, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Deptford Township Police Department, as well as in his official capacity as Police Officer, acting under color of State law.

9.      Defendant, Michael DiVito, is an adult individual who, at all times material herein acted individually, and/or as an agent, servant, workman, and/or employee of the Deptford Township Police Department, as well as in his official capacity as Police Officer, acting under color of State law.

10.     Defendant, John Storms, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Deptford Township Police Department, as well as in his official capacity as Sergeant, acting under color of State law.

11.     Defendant, Jesse Yamada, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Sergeant, acting under color of State law.

12.     Defendant, M. Graham, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Sergeant and Shift Commander, acting under color of State law.

13.     Defendant, W. Hebler, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Lieutenant and Shift Commander, acting under color of State law.

14.     Defendant, S. Beebe, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Sergeant and Shift Commander, acting under color of State law.

15.     Defendant, J. Bene, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Sergeant and Shift Commander, acting under color of State law.

16.     Defendant, M. Williams, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County

Department of Correctional Services, as well as in his official capacity as Sergeant and Shift Commander, acting under color of State law.

17.     Defendant, K. Curtis, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Sergeant and Shift Commander, acting under color of State law.

18.     Defendant, D. Free, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Lieutenant and Shift Commander, acting under color of State law.

19.     Defendant, L. Owens, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Lieutenant and Shift Commander, acting under color of State law.

20.     Defendant, S. Newsom, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Lieutenant and Shift Commander, acting under color of State law.

21.     Defendant, S. Pullium, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Sergeant and Shift Commander, acting under color of State law.

22.     Defendant, C. Finnegan, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Corrections Officer, acting under color of State law.

23.     Defendant, S. Borton, is an adult individual who, at all times material herein, acted individually, and/or as an agent, servant, workman, and/or employee of the Gloucester County Department of Correctional Services, as well as in his official capacity as Corrections Officer, acting under color of State law.

24.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals andentities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### IV.     Statement of Claims

25.     On or about December 27, 2011, Plaintiff was exiting a deli in Deptford, Gloucester County, New Jersey, when he experienced a severe seizure.

26.     According to Defendant, Police Officer Michael DiVito's Reporting Officer Narrative, Co-Defendant, Police Officer Brandon Cohen, observed Plaintiff looking into a white Nissan Murano sitting in the parking lot.  Cohen accused Plaintiff of attempting to gain access via the passenger's side door.  (Exh. A).  Cohen failed to recognize that Plaintiff was undergoing a medical emergency.  There was no basis whatsoever for Cohen's belief that Plaintiff was attempting to break into the car.

27.    Cohen advised Plaintiff that he was under arrest and likewise, upon information and belief, placed Plaintiff under arrest – without probable nor any cause.  By this time, DiVito and Co-Defendant Sergeant John Storms arrived and attempted to make Plaintiff sit on the ground while waiting for a patrol vehicle with a prisoner cage to arrive.

28.    Per Plaintiff's uncontrollable seizing, Defendants found Plaintiff "very uncooperative" and criminally liable for "defiant behavior."  Id.  Of course, Plaintiff could not obey the officer's commands – so they used a leg sweep, tripping Plaintiff to the ground.

29.    Plaintiff was brought to his feet while his entire body continued to thrash uncontrollably.  The officers accused Plaintiff of attempting to "break free."

30.    Plaintiff was then placed into leg shackles.

31.    Plaintiff was unable to be seat-belted because he was still seizing.

32.    Plaintiff was driven to the Deptford Police headquarters, and physically carried into the cellblock area by Defendants, John Does 1-10.

33.    At the police headquarters, Plaintiff explained that he had epilepsy, which causes seizures, and Plaintiff requested medical attention.

34.    Officer DiVito accused Plaintiff of "pretending" in order to hinder the booking process. (Exh. A).

35.    Plaintiff was processed and charged with Criminal Attempt Burglary, Aggravated Assault on a Law Enforcement Officer, and Disorderly Conduct and Resisting Arrest.  Bail was set at $25,000 – full cash.  (Exh. B – Criminal Complaints).

36.    Upon completion of the booking process, Plaintiff was transported by Defendants, John Does, to Kennedy Hospital.  While en route, John Does stated that Plaintiff admitted that he

faked a seizure while in custody at police headquarters. In fact, Plaintiff never made such an admission; Plaintiff suffers from severe focal onset seizures. (Exhs. C and D).

37.     Plaintiff was unable to post bail, and was committed to the Gloucester County Correctional Facility for approximately three (3) days.

38.     When Plaintiff arrived at the jail, Defendant, Sergeant Jesse Yamada stated, "We've been waiting on you. You like to hit police officers (paraphrasing Yamada)."

39.     At that time, Plaintiff again explained that he needed medication to avoid another seizure and asked the correctional facility staff to contact his doctor, Christopher Todd Anderson, M.D., Department of Neurology, University of Pennsylvania.

40.     The prison medical staff, Defendants, John Does, told Plaintiff that Doctor Anderson had not prescribed Plaintiff any medications.

41.     In fact, Plaintiff's treating doctor had, at the time of the incident, prescribed three anti-seizure medications. (Exh. C – Prescriptions).

42.     The first night in jail, Plaintiff was severely beaten by Defendant Correctional Officers, Defendants, John Does 1-10, in the jail's shower facility.

43.     Severely bruised and without medications, Plaintiff suffered multiple seizures over the next several days.

44.     Defendants' representatives, Defendants, John Does 1-10, reported Plaintiff's behavior as aggressive and suicidal. Plaintiff sprayed in the face with pepper spray, restrained in a "turtle suit," and beaten several more times while in the facility by Defendants Yamada, Borton, and Finnegan.

45.     As a direct result of the aforesaid beatings, Plaintiff suffered sustained, serious, severe and long-term (potentially permanent) injuries, including, but not limited to his shoulder, rotator

cuff, back, and face, extreme and continuing pain, together with various other injuries the exact extent of which are unknown at this time, including shock to Plaintiff's nerves and nervous system with emotional distress.

46. On or about August 6, 2012, Plaintiff's criminal case was dismissed with prejudice. (Exh. E).

47. The conduct of the Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Specifically, Defendants ignore and/or do not recognize medical emergencies, fail to treat medical emergencies, and instead, arrest without probable cause, was excessive and unnecessary force, all as a result of failure to train, supervise or otherwise.

48. Plaintiff has suffered and continues to suffer severe physical injuries and psychological stress as a result.

### V.     Causes of Action

### COUNT I
### Excessive Force

49. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

50.  At the time of Defendants' conduct, Plaintiff had not committed any infraction or otherwise to legally justify the force used by Defendants.

51.  Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

52.     Defendants caused Plaintiff to suffer excessive force by their wrongful conduct all in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT II
### *Monell*

53.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

54.     Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons within the geographic and jurisdictional limits of the Township of Deptford and County of Gloucester, which caused violations of Plaintiff's constitutional and other rights.

55.     The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

56.     Plaintiff suffered harm due to Defendants' conduct.

## COUNT III
### N.J.S.A. 10:6-2 – New Jersey Civil Rights Act

57.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

58.     Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well settled rights under the New Jersey Civil Rights Act.  N.J.S.A. 10:6-2.

59.     Plaintiff suffered harm due to Defendants' conduct.

## COUNT IV
### Malicious Prosecution

60.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

61.     At the time of Defendants' investigation, arrest, charges, imprisonment, and trial, Plaintiff had not committed any infraction to legally justify the incarceration and charges.

62.     Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well-settled Constitutional and other legal rights.

63.     Defendants caused Plaintiff to suffer a malicious prosecution by their wrongful conduct in subjecting Plaintiff to false criminal charges, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

64.     Defendants instituted criminal action against Plaintiff.

65.     Plaintiff was seized from the time he was arrested through the time he was imprisoned.

66.     Defendants did not have probable nor any cause to arrest, charge, and/or accuse Plaintiff of the criminal acts.

67.     The criminal action terminated in Plaintiff's favor when Plaintiff's case was dismissed with prejudice.

68.     Defendants deliberately ignored and failed to advise prosecutors of evidence and accounts of the event that exonerated Plaintiff.

## COUNT V
### Selective Enforcement

69.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

70.    Defendants treated Plaintiff differently from other similarly situated individuals by targeting and arresting Plaintiff because of his disability.

71.    Defendants caused Plaintiff to suffer selective enforcement by their wrongful conduct all in violation of the Fourth and Fourteenth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT VI
### False Arrest

72.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

73.    Defendants lacked probable cause to arrest Plaintiff.

74.    Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

75.    Defendants intentionally arrested Plaintiff for a purpose other than bringing Plaintiff to justice.

76.    Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and State law.

## COUNT VII
### Assault

77.    Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

78.    Defendants used unreasonable and unnecessary force including severely beating Plaintiff for several days.

79.     Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and State law.

**COUNT VIII**
**False Imprisonment**

80.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

81.     Defendants lacked probable cause to arrest Plaintiff.

82.     Plaintiff had not committed any infraction or otherwise to legally justify his arrest by Defendants.

83.     Defendants caused Plaintiff to suffer false arrest by their wrongful conduct all in violation of the Fourth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and State law.

**VI.     Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

- a. Statutory damages;
- b. Compensatory damages, including;
    - i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, attorneys fees related to the criminal defense,  and emotional distress;
    - ii. Attorneys' fees and expenses, and costs of suit.
- c. Injunctive relief, including;
    - i. Monitoring and training.

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Taharqu Dean | : |
| | :    CIVIL ACTION NO.: 13-5197 |
|        Plaintiff, | : |
|    v. | : |
| | : |
| Deptford Township, et al. | : |
| | :    **JURY TRIAL DEMANDED** |
| | : |
|        Defendants. | : |

## <u>CERTIFICATE OF SERVICE</u>

I, David A. Berlin, Esquire, hereby certify that on this 9th day of April, 2014, a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served via e-filing and regular mail upon the following parties:

Vanessa E. James, Esq.
A. Michael Barker, Esq.
Barker, Scott & Gelfand
Linwood Greene
210 New Road, Ste. 12
Linwood, NJ 08221

Patrick J. Madden, Esq.
Madden & Madden, PA
108 Kings Highway East
Suite 200
P.O. Box 210
Haddonfield, NJ 08033-0389

Matthew C. Weng, Esq.
Chance & McCann
201 West Commerce Street
Bridgeton, NJ 08302

                                       **WEISBERG LAW**

                                       <u>/s/ Matthew B. Weisberg</u>
                                       Matthew B. Weisberg, Esquire
                                       David A. Berlin, Esquire
                                       Attorneys for Plaintiff