UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

TAHARQU DEAN,

               Plaintiff,            Civil No. 13-5197 (NLH/KMW)

v.

                                        **MEMORANDUM OPINION**
DEPTFORD TOWNSHIP, et al.,         **AND ORDER**

               Defendants.

_____

**HILLMAN, District Judge:**

    This matter having come before the Court by way of motion [Doc. No. 97] of Defendants Scott Borton and Charles Finnegan seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c); and it appearing as follows:

    1.   Plaintiff filed the initial complaint on August 29, 2013.  Defendants Borton and Finnegan were not named as defendants at that time, although the complaint named "John Doe" defendants.  Plaintiff averred in the initial complaint that he was arrested on December 27, 2011, and that the first night in jail he was "severely beaten by Defendant Correctional Officers [and] John Does 1-10, in the jail's shower facility."  (Compl. ¶¶ 13, 30.)

2.    Plaintiff, pursuant to an Order dated April 29, 2014, was granted leave to file an amended complaint.  Plaintiff filed the amended complaint on May 8, 2014.

3.    In the amended complaint, Plaintiff added Defendants Borton and Finnegan as parties and asserted four causes of action against these individuals.  Counts One and Two are based on constitutional violations and are brought pursuant to 42 U.S.C. § 1983.  Count Three alleges a violation of the New Jersey Civil Rights Act under N.J. Stat. Ann. § 10:6-2.  Count Seven is a common law tort claim for assault and battery.

4.    Defendants Borton and Finnegan filed an answer to the amended complaint in which they assert as an affirmative defense that Plaintiff's claims are barred by the statute of limitations.

5.    Generally, a statute of limitations defense may not be raised by way of motion under Rule 12 unless "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations omitted).  If "the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of

the complaint under Rule 12(b)(6)." Id. (internal quotations omitted).[1]

6.    In this case, Plaintiff's claims pursuant to 42 U.S.C. § 1983 have a two-year statute of limitations.  Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010).

7.    With respect to Plaintiff's claim under the New Jersey Civil Rights Act, courts in this district have employed a two-year statute of limitations.  See, e.g., Johnson v. Passaic Cty., Civ. No. 2:13-4363, 2014 WL 2203842, at *9 (D.N.J. May 23, 2014) (statute of limitations under New Jersey Civil Rights Act is two years, noting that state statute was modeled after Section 1983 and has been interpreted in parallel with Section 1983); Brown v. City of Newark, Civ. A. No. 09-3752, 2010 WL 1704748, at *4 (D.N.J. Apr. 26, 2010) ("[T]he language of New Jersey's generally-applicable personal injury statute of limitations, combined with the NJCRA's similar purpose and design to § 1983, which has employed state statutes of limitations . . . convinces this Court that New Jersey's two-year limitation applies to the NJCRA.").

---

[1] The Court notes that Defendants Borton and Finnegan move pursuant to Fed. R. Civ. P. 12(c) rather than Fed. R. Civ. P. 12(b)(6).  In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6).  Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).

8.    The statute of limitations for Plaintiff's common law assault and battery claim is also two years pursuant to N.J. Stat. Ann. § 2A:14-2.  Pittman v. Metuchen Police Dept., 441 F. App'x 826, 828 (3d Cir. 2011); Jutrowski v. Twp. of Riverdale, Civ. A. No. 13-7351, 2014 WL 3783874, at *3 (D.N.J. July 31, 2014); Gordon v. East Orange Veterans Hosp., Civ. A. No. 2:11-cv-4066, 2013 WL 5730496, at *7 (D.N.J. Oct. 22, 2013).

9.    As the allegedly wrongful conduct in this action occurred in December 2011, it appears from the face of the complaint that the two-year statute of limitations on all four claims against Defendants Borton and Finnegan had expired when Plaintiff filed the amended complaint on May 8, 2014.

10.   Plaintiff concedes in opposition to the present motion that his claims against Defendants Borton and Finnegan were not filed within the statute of limitations period.  (Pl.'s Mem. of Law in Supp. of Pl.'s Response in Opp. to Def.'s Mot. to Dismiss [Doc. No. 101], at 2.)  Plaintiff argues, however, that the claims against these defendants are not subject to dismissal because the amended complaint relates back to the date of the filing of the original complaint pursuant to Fed. R. Civ. 15(c). (Id.)

11.   In deciding whether the amendment in this case relates back to the date of an original pleading, the Court first considers whether New Jersey law -- which is the law that

provides the applicable statute of limitations as discussed above -- would allow relation back.  Fed. R. Civ. P. 15(c)(1)(A).

12.  Two New Jersey rules are relevant to the relation back inquiry in this case: N.J. Ct. R. 4:26-4 and 4:9-3.

13.  New Jersey Court Rule 4:26-4, the fictitious party rule, permits a plaintiff to sue a defendant under a fictitious name when the defendant's real name is unknown.  "The fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint."  DeRienzo v. Harvard Indus., Inc., 357 F.3d 348, 353 (3d Cir. 2004).  A plaintiff may not avail himself of this rule if he "should have known, by exercise of due diligence, defendant's identity prior to the expiration of the statute of limitations."  Id.  Additionally, the "fictitious name designation also must have appended to it 'an appropriate description sufficient to identify' the defendant."  Id. Finally, the new defendant must not be prejudiced by the application of N.J. Ct. R. 4:26-4.  Id.

14.  Defendants Borton and Finnegan contend that Plaintiff did not exercise due diligence in obtaining the identity of all parties, arguing that Plaintiff should have received discovery concerning the identity of these officers in connection with an underlying criminal matter and in discovery provided earlier in

this civil action.  (Br. in Supp. of Mot. to Dismiss Compl.

Pursuant to F.R.C.P. 12(c) [Doc. No. 97-2], at 10-12.)

Defendants also argue that they are prejudiced because they did

not have knowledge of the potential claims against them.  (Id.

at 9.)  In support, Defendants submit the Rule 26 disclosures of

other defendants in this case, as well as declarations from

Defendants Borton and Finnegan.

     15.  Thus, in considering the application of N.J. Ct. R.

4:26-4, the Court must consider evidence concerning Plaintiff's

efforts to identify Defendants Borton and Finnegan before the

statute of limitations expired, as well as evidence concerning

prejudice to these defendants.

     16.  In deciding a motion for judgment on the pleadings,

however, the Court is limited in the documents which may be

considered.  A court may consider the pleadings, the documents

attached thereto as exhibits, and matters of public record.

Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d

Cir. 2013).  A court may also consider "'undisputedly authentic

documents if the complainant's claims are based upon these

documents[.]'"  Id. (quoting Mayer v. Belichick, 605 F.3d 223,

230 (3d Cir. 2010)).  If any other matters outside the pleadings

are presented to the Court, and the Court does not exclude those

matters, a Rule 12(c) motion will be treated as a summary

judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(d).

17.  Because the Court must consider evidence outside the
pleadings, the Court cannot determine on a Rule 12(c) motion
whether Plaintiff may avail himself of New Jersey's fictitious
party rule, N.J. Ct. R. 4:26-4.

18.  The New Jersey Court Rules also contain a general
relation back rule, which provides that "[a]n amendment changing
the party against whom a claim is asserted relates back if" the
claim asserted in the amended complaint arose out of the conduct
set forth in the original pleading, and if within the statute of
limitations period the new party "(1) has received such notice
of the institution of the action that the party will not be
prejudiced in maintaining a defense on the merits, and (2) knew
or should have known that, but for a mistake concerning the
identity of the proper party, the action would have been brought
against the party to be brought in by amendment."  N.J. Ct. R.
4:9-3.

19.  Again, to determine whether Defendants Borton and
Finnegan had notice of the action within the statute of
limitations period, and whether these defendants knew or should
have known that they would have been named defendants, the Court
must look to evidence outside of the pleadings.  The Court thus
cannot determine on a Rule 12(c) motion whether Plaintiff can
avail himself of New Jersey's general relation back rule as set
forth in N.J. Ct. R. 4:9-3.

20.   Finally, the Court considers whether relation back would be permitted under Fed. R. Civ. P. 15(c)(1)(C), which provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

21.   The requirements of Fed. R. Civ. P. 15(c)(1)(C)(i) and (ii) are almost identical to the requirements of New Jersey's general relation back rule, although under the federal rule Defendants must have had notice within the time for serving the summons and complaint rather than within the statute of limitations period.

22.   For the same reasons discussed above with respect to New Jersey's general relation back rule, the Court must consider evidence outside of the pleadings concerning notice and whether

Defendants Borton and Finnegan knew or should have known that they would have been named as defendants.

23. Because the Court cannot determine whether relation back would be permitted under Fed. R. Civ. P. 15(c)(1)(A) -- through N.J. Ct. R. 4:26-4 and N.J. Ct. R. 4:9-3 -- or under Fed. R. Civ. P. 15(c)(1)(C) without looking to evidence beyond the pleadings, the Court will convert the motion to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). Pursuant to Rule 12(d), when the Court treats a motion as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id.

24. Accordingly, the parties are directed to agree upon a briefing schedule for submission of supplemental briefing and submission of evidence on the relation back issue. Briefing must be completed by May 1, 2015, and the submissions must comply with Local Civil Rule 56.1.

THEREFORE, it is on this  30th  day of   March  , 2015,

ORDERED that the motion of Defendants Scott Borton and Charles Finnegan for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) be, and the same hereby is, converted a motion for summary judgment pursuant to Fed. R. Civ. P. 56; and it is further

9

ORDERED that counsel for Plaintiff and counsel for Defendants Borton and Finnegan must agree upon a briefing schedule in connection with the summary judgment motion, which briefing must be completed by no later than May 1, 2015. Counsel for Defendants Borton and Finnegan must advise the Court of the briefing schedule by no later than April 6, 2015.


                                      s/ Noel L. Hillman
                                  NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey