```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____

TAHARQU DEAN,

              Plaintiff,        Civil No. 13-5197 (NLH/KMW)

v.

DEPTFORD TOWNSHIP, et al.,       **OPINION**

              Defendants.
_____

**APPEARANCES:**

David Andrew Berlin, Esquire
Matthew Benjamin Weisberg, Esquire
Weisberg Law
7 South Morton Avenue
Morton, Pennsylvania 19070

    *Attorneys for Plaintiff*

Vanessa Elaine James, Esquire
Barker Scott & Gelfand PC
210 New Road
Linwood Greene
Suite 12
Linwood, New Jersey 08221

    *Attorneys for Defendants Deptford Township, Michael DiVito, and John Storms*

Patrick J. Madden, Esquire
Timothy R. Bieg, Esquire
Madden & Madden, PA
108 Kings Highway East
Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033-0389

    *Attorneys for Defendants Gloucester County, Gloucester County Department of Correctional Services, and Jesse Yamada*

1

Linda A. Galella, Esquire
Richardson, Galella & Austermuhl
142 Emerson Street
Suite B
Woodbury, New Jersey 08096

*Attorneys for Defendants C. Finnegan and S. Borton*

**HILLMAN, District Judge:**

This matter comes before the Court by way of Plaintiff's appeal [Doc. No. 118] of the April 16, 2015 Order issued by the Honorable Karen M. Williams, United States Magistrate Judge, denying Plaintiff's request to reopen discovery for the limited purpose of deposing Defendants Scott Borton and Charles Finnegan.  The Court has considered the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78. For the reasons that follow, Plaintiff's appeal is denied.

**I.     BACKGROUND**

As the Court writes primarily for the parties who are familiar with the facts and procedural history of this case, the Court sets forth only those facts necessary to put Plaintiff's current appeal in context.  Plaintiff filed the initial complaint on August 29, 2013.  Defendants Borton and Finnegan were not named as defendants at that time, although the complaint named "John Doe" defendants.  Plaintiff, pursuant to an Order dated April 29, 2014, was granted leave to file an amended complaint, and Plaintiff filed the amended complaint on May 8, 2014.  In the amended complaint, Plaintiff added

2

Defendants Borton and Finnegan as parties and asserted four causes of action against these individuals.

On September 4, 2014, Defendants Borton and Finnegan filed an answer to the amended complaint.  On September 23, 2014, Defendants Borton and Finnegan file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the ground that Plaintiff's claims against these defendants were time-barred and did not relate back to the filing of the original complaint. (Br. in Supp. of Mot. to Dismiss Compl. Pursuant to F.R.C.P. 12(c) as to Defs. Corrections Officer Charles Finnegan and Corrections Officer Scott Borton [Doc. No. 97-2], at 4-16.) Plaintiff filed opposition to the motion on November 4, 2014, arguing that a decision on the relation back issue requires a fact-sensitive inquiry.  (Mem. of Law in Supp. of Pl.'s Response in Opp. to Defs., Borton, et al.'s Mot. to Dismiss Pl.'s Am. Compl. [Doc. No. 101], at 2.)  In his opposition papers, Plaintiff requested leave to take discovery on the issues of whether there was a commonality of interest between the moving defendants and other defendants, and whether the moving defendants had notice of the filing of the original complaint. (Id. at 4.)

After Defendants Borton and Finnegan filed their motion for judgment on the pleadings, but before Plaintiff filed opposition to the motion, Defendants Borton and Finnegan were deposed by

Plaintiff's counsel. (Decl. of Linda A. Galella [Doc. No. 119-2], Exs. A, B.) Defendant Finnegan was deposed on October 23, 2014, and Defendant Borton was deposed on November 3, 2014. (Id.) Thereafter, Magistrate Judge Williams granted several extensions of time for the completion of fact discovery. (See, e.g., Amended Scheduling Order [Doc. No. 104], Dec. 17, 2014; Amended Scheduling Order [Doc. No. 105], Jan. 28, 2015; Amended Scheduling Order [Doc. No. 107], Mar. 4, 2015.) On March 4, 2015, Magistrate Judge Williams entered a Scheduling Order which extended pretrial fact discovery to March 31, 2015. (Amended Scheduling Order [Doc. No. 107] ¶ 1.)

On March 30, 2015, this Court issued a Memorandum Opinion and Order (hereafter, "Opinion") on Defendants' motion for judgment on the pleadings, which was entered on the docket on April 1, 2015. (Mem. Op. and Order [Doc. No. 109], Mar. 30, 2015.) In the Opinion, the Court noted that Plaintiff's claims against Defendants Borton and Finnegan were not filed within the statute of limitations, and that such claims would be time-barred unless they related back under New Jersey Court Rules 4:26-4 or 4:9-3 or under Federal Rule of Civil Procedure 15(c)(1)(C). (Id. at 4, 9.) The Court, however, could not decide the relation back issue without considering evidence outside of the pleadings. (Id. at 9.) Accordingly, pursuant to Federal Rule of Civil Procedure 12(d), the Court converted the

4

motion to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Id.) The parties were directed to agree on a briefing schedule for the submission of supplemental briefs and evidence. (Id.) Counsel for Defendants Borton and Finnegan advised the Court by letter dated April 6, 2015 that Plaintiff would submit a brief by April 24, 2015, and Defendants Borton and Finnegan would submit a responsive brief by May 1, 2015.[1] (Letter from Linda A. Galella, Esq. [Doc. No. 110], Apr. 6, 2015.)

    Counsel for Plaintiff then sent a letter to Magistrate Judge Williams requesting entry of an Order compelling Defendants Borton and Finnegan to appear for a telephonic deposition on the issue of relation back. In the letter,

---

[1] In opposition to this appeal, Defendants Borton and Finnegan submitted correspondence between defense counsel and Plaintiff's counsel on the issue of supplemental briefing. Defense counsel indicated in such correspondence that she did not intend to file a supplemental brief. However, as noted in the Opinion, the parties' supplemental submissions must comply with Local Civil Rule 56.1, which requires the party moving for summary judgment to submit a statement of undisputed material facts in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. L. Civ. R. 56.1(a). As Defendants Borton and Finnegan are the parties moving for summary judgment, they must submit a statement of material facts pursuant to the Local Civil Rules. Plaintiff will then have the opportunity to submit a responsive statement of material facts, addressing each paragraph of the moving parties' statement. Id. Because no party has yet filed a supplemental submission and the dates for such briefing have passed, the Court will set a briefing schedule in the Order that accompanies this Opinion. Such Order will require Defendants Borton and Finnegan to file the first submission as required under the Local Civil Rules.

Plaintiff's counsel noted that this Court's Opinion was entered after Defendants Borton and Finnegan were deposed, and discovery needed to be reopened to obtain evidence in connection with the issues addressed in the Opinion. (Letter from Matthew B. Weisberg, Esq. [Doc. No. 111], Apr. 9, 2015.) Plaintiff's counsel indicated that the depositions of Defendants Borton and Finnegan that were taken during the discovery period were not intended to obtain testimony in connection with the pending motion to dismiss. (Id. at 2.) Plaintiff's counsel further argued that he could not have anticipated the issues of fact that were raised in this Court's Opinion, thus warranting discovery on the issues identified by the Court. (Id.)

Magistrate Judge Williams held a telephone conference to address Plaintiff's request for additional depositions. On April 16, 2015, Judge Williams entered an Order denying the request, stating as follows: "Plaintiff's request to re-open discovery, albeit for the limited purpose of redeposing defendants Borton and Finnegan, is denied. Simply stated, plaintiff has failed to establish good cause for either failing to meet the March 31, 2015 fact discovery end date, or for requesting an extension of the fact discovery deadline established in the March 4, 2015 Amended Scheduling Order." (Order [Doc. No. 116], Apr. 16, 2015.) Magistrate Judge Williams also reviewed this Court's Opinion and concluded that

this Court did not invite or direct the parties to engage in additional discovery, but rather only ordered additional briefing on the relation back issue.  (Id.)

Plaintiff now appeals Magistrate Judge Williams' April 16, 2015 Order, arguing that there was good cause to reopen discovery for the limited purpose of deposing Defendants Borton and Finnegan on the issues raised in the March 30, 2015 Opinion. Plaintiff argues that when this Court converted the motion for judgment on the pleadings to a motion for summary judgment, it implicitly ordered the reopening of discovery.  (Pl.'s Appeal from and Objections to Order of the Magistrate Judge [Doc. No. 118], at 2.)  Plaintiff also argues that there was good cause to reopen discovery because Defendants Borton and Finnegan were deposed before this Court entered its Opinion, and Plaintiff therefore could not have addressed at those depositions the issues raised in the Opinion.  (Id. at 2, 3.)

In opposition, Defendants Borton and Finnegan argue that Plaintiff fails to demonstrate that Judge Williams' decision was "clearly erroneous or contrary to law."  (Opp. Br. to Pl.'s Appeal of Order of Magistrate Judge [Doc. No. 119], at 4.) Defendants note that Plaintiff did not demonstrate "good cause" to extend fact discovery, when (1) the motion for judgment on the pleadings -- which raised the relation back issue -- was filed before Plaintiff took the depositions of Defendants Borton

7

and Finnegan, and the facts necessary for Plaintiff to address relation back could therefore have been adduced at the depositions; and (2) Plaintiff waited until after the close of discovery to request an extension of the discovery period. Defendants also dispute that this Court's Opinion authorized the reopening of discovery. (Id. at 4-5.)

## II.  STANDARD OF REVIEW FOR MAGISTRATE APPEALS

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States Magistrate Judge may "hear and determine any pretrial matter pending before the court[.]"  28 U.S.C. § 636(b)(1)(A).  A district court judge will only reverse a magistrate judge's order on pretrial matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a) (recognizing that a district judge can "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law."); L. Civ. R. 72.1(c)(1)(A) (noting that the district judge "shall consider the appeal . . . and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

Under this standard, "'[a] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed.'" Wyeth v. Abbott Labs., 692 F. Supp. 2d 453, 455 (D.N.J. 2010) (citing Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004)). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000). Moreover, a finding is "contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998). "The burden is on the moving party to demonstrate that the magistrate judge's finding is clearly erroneous or contrary to law." Exxon Corp. v. Halcon Shipping Co., 156 F.R.D. 589, 591 (D.N.J. 1994).

### III. DISCUSSION

The Court will affirm Magistrate Judge Williams' Order denying Plaintiff's request to reopen fact discovery to take the depositions of Defendants Borton and Finnegan.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." A party seeking to amend a scheduling order has "the burden of demonstrating that 'despite its diligence, it could not reasonably have met the scheduling order deadline.'" Spring Creek Holding Co. v. Keith, Civ. A. No. 02-

9

376, 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006) (internal citation omitted).  Plaintiff failed to demonstrate good cause to reopen discovery before Judge Williams and has not demonstrated good cause to this Court either.

The Court first notes that Defendants Borton and Finnegan's motion -- which expressly raised the issue of relation back -- had been filed at the time Plaintiff took these defendants' depositions.  The motion was styled as a motion to dismiss or, in the alternative, for summary judgment, and Plaintiff was therefore on notice that the Court might convert the motion to a motion for summary judgment and require the submission of evidence on the relation back issue.  Indeed, the very basis of Plaintiff's opposition to the Rule 12(c) motion was that disposition thereof required a fact-intensive inquiry.  Plaintiff nonetheless failed to adduce evidence concerning relation back when taking these defendants' depositions, or at any point between the filing of the dispositive motion and the close of discovery.  The Court thus agrees with Magistrate Judge Williams that Plaintiff failed to demonstrate good cause as to why he could not obtain the discovery relevant to Defendants Borton and Finnegan's motion within the discovery period.

Furthermore, even assuming that Plaintiff could not have anticipated the discrete evidence that would be necessary in connection with Defendants Borton and Finnegan's motion,

10

Plaintiff could have anticipated that some discovery might be required. Indeed, in opposition to the motion, Plaintiff requested leave to take discovery on certain issues. Therefore, as the discovery end date approached, Plaintiff could have asked that discovery be extended until this Court ruled on Defendants' dispositive motion, so as to ensure that Plaintiff would have an opportunity to conduct additional discovery should the Court identify fact issues that had not yet been pursued by the parties.

Magistrate Judge Williams' March 4, 2015 Scheduling Order, which set March 31, 2015 as the close of fact discovery, stated as follows: "Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown." (Amended Scheduling Order [Doc. No. 107], Mar. 4, 2015.) Plaintiff did not ask for an extension of the discovery end date until discovery closed, and he provides no explanation for his failure to do so. As such, Magistrate Judge Williams correctly concluded in her April 16, 2015 Order that

11

Plaintiff did not establish good cause for failing to request an extension of the fact discovery deadline in accordance with the March 4, 2015 Order.  Had Plaintiff been diligent, he could have met the deadline to request a further extension of the discovery period.

Finally, Magistrate Judge Williams correctly concluded that this Court did not direct the reopening of discovery in its March 30, 2015 Opinion.  In the Opinion, this Court concluded only that it could not decide the relation back issue without consideration of evidence outside of the pleadings, and it therefore converted the Rule 12(c) motion to one for summary judgment and directed the parties to submit additional briefing.  In so doing, the Court was merely providing the parties with an opportunity to submit evidence as required by Fed. R. Civ. P. 12(d).  The conversion was not intended to grant the parties leave to take additional discovery on the issue of relation back.

Although Plaintiff, in opposing the motion for judgment on the pleadings, requested leave to take discovery on certain issues, discovery had not been closed at the time Plaintiff filed his opposition.  Plaintiff had ample opportunity to take discovery on the relation back issue between the filing of Defendants Borton and Finnegan's motion and the close of discovery.  The Court did not identify in its Opinion a new

12

issue that had not been addressed in the briefing, such that the parties could not have contemplated the need for discovery on a particular point within the discovery period. Rather, the relation back issue was briefed by the parties, was identified well before the close of discovery, and should have been the subject of discovery within the discovery period. Plaintiff provides no explanation for his failure to do so.

**IV. CONCLUSION**

For the foregoing reasons, the Court will affirm Magistrate Judge Williams' April 16, 2015 Order and deny Plaintiff's appeal. This Court agrees with Magistrate Judge Williams that Plaintiff did not demonstrate good cause for his failure to obtain relevant discovery within the discovery period, nor did he establish good cause for his failure to seek an extension of the discovery period. Accordingly, Plaintiff has not met his burden of demonstrating that Magistrate Judge Williams' April 16, 2015 Order was clearly erroneous or contrary to law.

An Order consistent with this Opinion will be entered.

                                                        s/ Noel L. Hillman
                                                        NOEL L. HILLMAN, U.S.D.J.

Date: May 7, 2015

At Camden, New Jersey