UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

TAHARQU DEAN,

        Plaintiff,        Civil No. 13-5197 (NLH/KMW)

v.

                                        **OPINION**

DEPTFORD TOWNSHIP, et al.,

        Defendants.
_____

**APPEARANCES:**

David Andrew Berlin, Esquire
Matthew Benjamin Weisberg, Esquire
Weisberg Law
7 South Morton Avenue
Morton, Pennsylvania 19070

    *Attorneys for Plaintiff*

Vanessa Elaine James, Esquire
Barker Scott & Gelfand PC
210 New Road
Linwood Greene
Suite 12
Linwood, New Jersey 08221

    *Attorneys for Defendants Deptford Township, Michael*
    *DiVito, and John Storms*

1

Patrick J. Madden, Esquire
Timothy R. Bieg, Esquire
Madden & Madden, PA
108 Kings Highway East
Suite 200
P.O. Box 210
Haddonfield, New Jersey 08033-0389

> *Attorneys for Defendants Gloucester County, Gloucester County Department of Correctional Services, and Jesse Yamada*

Linda A. Galella, Esquire
Richardson, Galella & Austermuhl
142 Emerson Street
Suite B
Woodbury, New Jersey 08096

> *Attorneys for Defendants C. Finnegan and S. Borton*

**HILLMAN, District Judge:**

This matter comes before the Court by way of motion [Doc. No. 97] of Defendants Scott Borton and Charles Finnegan seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). By Memorandum Opinion and Order dated March 30, 2015, the Court converted the motion to dismiss to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and directed the parties to provide supplemental briefing. The Court has considered the supplemental submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78.

For the reasons that follow, the motion of Defendants Borton and Finnegan will be granted.

I.   **BACKGROUND**

In this case, Plaintiff alleges, inter alia, that he was "severely beaten" by corrections officers while incarcerated at the Gloucester County Correctional Facility in 2011.  (Am. Compl. [Doc. No. 73] ¶ 33.)  The original complaint named a number of defendants, including Gloucester County, the Gloucester County Department of Correctional Services, Eugene Caldwell II as the Warden of the Gloucester County Department of Correctional Services, and Jesse Yamada as Sergeant of the Gloucester County Department of Correctional Services.  (Compl. [Doc. No. 1] ¶¶ 5, 7, 11.)  The original complaint also named "John Does 1-10" as "Defendant Correctional Officers."  (Id. ¶ 30.)

Plaintiff filed the original complaint on August 29, 2013.  Defendants Borton and Finnegan, corrections officers at the Gloucester County Correctional Facility, were not named as defendants at that time.  Plaintiff, pursuant to an Order dated April 29, 2014, was granted leave to file an amended complaint, which was filed on May 8, 2014.  In the amended complaint, Plaintiff added Defendants Borton and Finnegan as parties and asserted four causes of action against these individuals.  (Am. Compl. [Doc. No. 73] ¶¶ 12, 13.)  Counts One and Two are based on constitutional violations and are brought pursuant to 42 U.S.C. § 1983.  (Id. ¶¶ 39-48.)  Count Three alleges a violation

3

of the New Jersey Civil Rights Act under N.J. Stat. Ann. § 10:6-2. (Id. ¶¶ 49-51.) Count Seven is a common law tort claim for assault and battery. (Id. ¶¶ 69-70.)

On September 4, 2014, Defendants Borton and Finnegan filed an answer to the amended complaint. Thereafter, these defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the basis that Plaintiff's claims against them were time-barred and did not relate back to the filing of the original complaint. (Br. in Supp. of Mot. to Dismiss Compl. Pursuant to F.R.C.P. 12(c) as to Defs. Corrections Officer Charles Finnegan and Corrections Officer Scott Borton [Doc. No. 97-2], at 4-16.)

In a Memorandum Opinion and Order dated March 30, 2015, the Court concluded that Plaintiff's claims against Defendants Borton and Finnegan were not filed within the statute of limitations period. (Mem. Op. and Order [Doc. No. 109], at 4.) The Court then considered whether the claims relate back to the filing of the original complaint pursuant to Fed. R. Civ. 15(c). (Id. at 4-9.) Because the Court could not determine whether relation back would be permitted without looking to evidence beyond the pleadings, the Court converted the motion to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and directed the parties to submit additional briefing. (Id. at 9.)

Defendants then filed a Statement of Undisputed Material Facts in which they represent that as early as 2011, Plaintiff had notice of their identities and roles in the incident that gives rise to the claims in this case. (Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J. [Doc. No. 128] (hereafter, "Defs.' SOF") ¶¶ 8-10, 15.) In support, Defendants cite Plaintiff's deposition testimony, in which Plaintiff testified that between December 27, 2011 and January 6, 2012, when he was still incarcerated in the county jail, he wrote down the names of the officers who purportedly used excessive force against him. (Defs.' Ltr. Reply Br. [Doc. No. 102], Ex. A at 104:17-24.) The names he wrote down included Defendants Borton and Finnegan. (Id. at 100:20-101:2, 102:4-9.) In addition, Plaintiff was advised of these defendants' identities in Defendant Gloucester County's Rule 26 disclosures, which were served in 2013. (Defs.' SOF ¶ 15.) Defendants also represent that they did not have knowledge of the claims against them until the summer of 2014. (Defs.' SOF ¶¶ 16, 17.)

In response to Defendants' Statement of Undisputed Material Facts, Plaintiff denies that he had notice of the identities of Defendants Borton and Finnegan, but he cites no evidence to counter his own sworn deposition testimony. (Pl.'s Response in Opp. to Defs.' Statement of Material Facts [Doc. No. 132-1] ¶¶ 8, 10.) Plaintiff also argues that Borton and Finnegan were on

notice of the claims against them through their employer, co-defendants Gloucester County and Gloucester County Department of Correctional Services.  (Id. ¶¶ 16, 17.)  Plaintiff contends that even if Defendants did not have actual notice of the claims against them, notice should be imputed through the doctrine of "commonality of interest" recognized by the United States Court of Appeals for the Third Circuit in Singletary v. Pa. Dept. of Corrections, 266 F.3d 186, 197 (3d Cir. 2001).  (Pl.'s Supp. Mem. re: Defs.', Borton, Et Al., Converted Mot. for Summ. J. [Doc. No. 132] (hereafter, "Pl.'s Opp. Br.") 1-2.)

## II. DISCUSSION

The Court set forth the law concerning relation back in its March 30, 2015 Memorandum Opinion and Order.  The Court first considered whether relation back would be permitted under Fed. R. Civ. P. 15(c)(1)(A), which allows for relation back if "the law that provides the applicable statute of limitations allows relation back[.]"  (Mem. Op. and Order [Doc. No. 109] 4-5; Fed. R. Civ. P. 15(c)(1)(A)).  Because New Jersey law provides the applicable statute of limitations, as discussed in the March 30, 2015 Memorandum Opinion and Order, the Court considered the relation back rules of New Jersey but determined that additional

evidence was necessary to decide whether relation back would be permissible under New Jersey law.[1] (Mem. Op. and Order, at 6-7.)

The Court then analyzed whether the claims against Defendants Borton and Finnegan relate back under Fed. R. Civ. P. 15(c)(1)(C), which provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> . . .
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

---

[1] In particular, the Court noted that in deciding whether relation back was permissible under N.J. Ct. R. 4:26-4, the Court must consider Plaintiff's efforts to identify Defendants Borton and Finnegan before the statute of limitations expired, as well as evidence concerning prejudice to these defendants. (Mem. Op. and Order, at 6.) In deciding whether relation back was permissible under N.J. Ct. R. 4:9-3, the Court stated that additional evidence was necessary on the issues of whether Defendants Borton and Finnegan had notice of the action within the statute of limitations period, and whether these defendants knew or should have known that they would have been named as defendants. (Id. at 7.)

7

Fed. R. Civ. P. 15(c)(1)(C). The Court again concluded that it must consider evidence outside of the pleadings concerning whether Defendants had notice within the time for serving the summons and whether Defendants knew or should have known that they would have been named as defendants but for a mistake concerning the proper party's identity. (Mem. Op. and Order, at 8-9.)

In their supplemental briefing, Defendants present evidence that they did not have notice of this action until the summer of 2014, which they argue precludes relation back under either New Jersey or federal law. (Defs.' SOF ¶¶16, 17; Decl. of Charles Finnegan [Doc. No. 97-4] ¶ 3; Decl. of Scott Borton [Doc. No. 97-4] ¶ 3.) Plaintiff's sole argument in opposition is that Defendants may not have had actual notice of this action, but they had constructive notice of the claims against them when co-defendants Gloucester County and Gloucester County Department of Correctional Services were served with the original complaint. (Pl.'s Opp. Br. 1-2.) Plaintiff cites Singletary, 266 F.3d at 197, in support of this assertion. (Id.)

In Singletary, the Third Circuit discussed the conditions required for relation back under Rule 15(c)(3), which pursuant to the 2007 amendments to the Federal Rules of Civil Procedure

8

is now numbered Rule 15(c)(1)(C).[2]  Therefore, while this Court initially provided the parties an opportunity to address relation back under either the New Jersey relation back rule pursuant to Rule 15(c)(1)(A), or the federal relation back rule pursuant to Rule 15(c)(1)(C), it appears that Plaintiff only argues for relation back under the federal rule.  Accordingly, the Court at this time will not consider relation back under the New Jersey relation back rules and will proceed in its analysis only under Rule 15(c)(1)(A).

The first requirement is met as the claims against Defendants Borton and Finnegan arise out of the same occurrence described in the original pleading.  However, Plaintiff must also show that these defendants (i) received notice of the action within 120 days (the period provided by Rule 4(m)) following the filing of the original complaint; and (ii) knew or should have known that they were intended to be named as parties to the lawsuit but for a mistake concerning their identities.

---

[2] The current version of the rule is almost identical to the former version, except that the former version of the rule called for notice of the "institution" of the action, whereas the current version of the rule only requires notice of the existence of the action.  As stated in the Advisory Committee Note concerning the amendment, the amended rule "omits the reference to 'institution' as potentially confusing.  What counts is that the party to be brought in have notice of the existence of the action, whether or not the notice includes details as to its 'institution.'"  Fed. R. Civ. P. 15 advisory committee's note to 2007 amendment.

Fed. R. Civ. P. 15(c)(1)(C). Both the notice and knowledge requirements must be met.

Plaintiff does not claim, nor is there any evidence of record indicating, that Defendants Borton or Finnegan received actual notice of the action within 120 days of the date the original complaint was filed. These defendants represent in sworn declarations that they did not receive notice until the summer of 2014, which is well beyond 120 days from the filing of the original complaint in August 2013. However, actual notice is not necessary to satisfy the conditions of relation back. Singletary, 266 F.3d at 195.

In Singletary, the Third Circuit recognized that constructive or imputed notice of an action are also sufficient to satisfy the notice requirement of Fed. R. Civ. P. 15(c). Id. The Third Circuit specifically approved of two methods of imputed notice: the "shared attorney" method and the "identity of interest" method. Id. at 196-97.[3] Under the "identity of interest" method, when a proposed new defendant "is so closely related to his employer for the purposes of this type of litigation that these two parties have a sufficient identity of interest," litigation against the employer "serves to provide

---

[3] Plaintiff does not argue that notice to Defendants Finnegan and Borton could be imputed through the "shared attorney" method; the Court therefore does not address such method at this time.

notice of the litigation to the employee." Id. at 198.  The Third Circuit in Singletary considered whether an employee to be added as a defendant had a sufficient identity of interest with the employer, who was originally named as a defendant, holding that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)[] purposes."  Id. at 200.

     The Third Circuit again applied the "identity of interest" method of imputing notice in Garvin v. City of Philadelphia, 354 F.3d 215 (3d Cir. 2003).  In that case, the plaintiff sued the City of Philadelphia and a fictitiously-named defendant, "Officer Doe," and then sought to substitute the names of four police officers for the Doe defendant after the statute of limitations had expired.  Id. at 217-18.  In affirming the district court's denial of the plaintiff's motion to amend, the Third Circuit noted that the individual police officers were non-managerial employees and concluded that they did not share a sufficient nexus of interests with their employer, the City of Philadelphia, for purposes of imputing notice under the "identity of interest" method.  Id. at 227.  In so finding, the Third Circuit noted that "[t]he individual police officers . . . are 'not highly enough placed in the [city] hierarchy for us to

11

conclude that [their] interests as . . . employee[s] are identical to the [city's] interests.'" Id. (quoting Singletary, 266 F.3d at 199).

    Here, Plaintiff argues that notice to Borton and Finnegan should be imputed based upon notice to their employers, Gloucester County and Gloucester County Department of Correctional Services. Although Plaintiff has had the benefit of discovery, including the depositions of both of the moving defendants, he provides no evidence that Defendants Borton and Finnegan were management-level employees, nor is there evidence concerning their placement in Gloucester County's hierarchy or any other circumstances from which the Court can infer that they had notice of this action through either of the Gloucester County defendants. Accordingly, as was the case in both Singletary and Garvin, the Court finds no basis to conclude that the individual corrections officers were "'highly enough placed in the [county] hierarchy . . . that [their] interests as . . . employee[s] are identical to the [county's] interests.'" Garvin, 354 F.3d at 227; Singletary, 266 F.3d at 199.[4]

---

[4] The Court recognizes that Plaintiff also named Jesse Yamada as a defendant in the original complaint. Yamada is a sergeant and, according to the averments of the amended complaint, was involved in the alleged beating of Plaintiff along with Defendants Borton and Finnegan. Plaintiff does not argue that Yamada has an "identity of interest" with Borton and Finnegan, such that notice to Yamada could be imputed to Borton and Finnegan, and the Court deems any such argument waived.

Furthermore, the Court notes with respect to Defendant Finnegan that he began working for the Salem County Department of Corrections on August 21, 2013, following the closure of the Gloucester County Jail on June 30, 2013. (Decl. of Charles Finnegan [Doc. No. 97-4] ¶ 2.) The original complaint was not filed in this action until August 29, 2013, and Gloucester County and the Gloucester County Department of Correctional Services were not served until September 9, 2013. Therefore, Defendant Finnegan was not even employed by either of the original Gloucester County defendants at the time they received notice of the action, and there is thus no factual basis to impute notice on Defendant Finnegan based upon notice to the Gloucester County defendants.

Finally, as noted above, in addition to notice, the newly-added defendant must have known or should have known "that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Because Plaintiff has not met the notice prong

---

Additionally, while it is possible that Yamada could have told Borton and Finnegan that suit had been brought, Plaintiff provides no argument that Yamada's interests are so intertwined with those of Borton and Finnegan that it can be assumed that Yamada would have informed Borton and Finnegan about the lawsuit. Moreover, the Court has been presented with no information to suggest that Yamada did tell Borton or Finnegan of the lawsuit, even though the parties had an opportunity to obtain discovery on this issue.

of the relation back test, the Court does not need to reach the third prong. See Singletary, 266 F.3d at 201. The Court notes, nevertheless, that Plaintiff fails to present any evidence concerning the third prong of the relation back test. Plaintiff took the depositions of Borton and Finnegan after he added them as parties to this action, and these defendants' motion to dismiss was pending at the time of the depositions. As such, Plaintiff was aware of the relation back issue but failed to adduce evidence in support of all prongs of the relation back test.[5]

---

[5] The Court also questions whether relation back would be available under Fed. R. Civ. P. 15(c)(1)(C). The rule assumes that a defendant was not originally named because of a mistake as to the proper party's identity. Here, Plaintiff testified that he knew of the identities and roles of Finnegan and Borton as early as 2011, yet he failed to name them as defendants when filing the original complaint. In Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 548, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010), the United States Supreme Court recognized that the relevant inquiry in deciding relation back is not whether the plaintiff knew of the existence of a defendant, but whether a prospective defendant knew that it would have been named as a party but for an error as to his identity. The Supreme Court explained that the reason for the rule is that "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." Id. at 550, 130 S. Ct. 2485. However, the Supreme Court also distinguished between a situation in which a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, and a situation where a plaintiff "mak[es] a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties," referring to the latter situation as "the antithesis of making a mistake concerning the proper party's identity."

**III. CONCLUSION**

The claims against Defendants Borton and Finnegan are barred by the statute of limitations.  These defendants provided uncontroverted evidence that they did not receive notice of this action within 120 days of the filing of the original complaint, and Plaintiff fails to provide any evidence to demonstrate that they had constructive notice of the action.  Nor is there any evidence that Borton or Finnegan knew or should have known that the action would have been brought against them, but for a mistake concerning the proper party's identity.  Accordingly, the Court finds that the claims against Borton and Finnegan do not relate back to the original complaint and the claims against them are therefore subject to dismissal as time-barred.

An Order accompanying this Opinion will be entered.

                                           s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.

Dated: June 16, 2015

At Camden, New Jersey

---

Id. at 549, 130 S. Ct. 2485.  This case appears to fall within the latter situation, and Defendants Borton and Finnegan could not have known that they would be named as defendants but for a mistake as to their identities when there was, in fact, no mistake as to their identities or the roles they played in the alleged attack upon Plaintiff.

15